NEW YORK CANNERS, INC., Appellant, v. LEWIS M.
MILBOURNE et al., Respondents.

Sale — warranty — evidence — action for breach of warranty
in sale of canned goods — erroneous admission of evidence
showing that no complaints had been received as to goods sold
to others — erroneous admission of testimony as to variation
of temperature in localities to which goods were shipped —
evidence that workman was directed to put machine in order
erroneous, in absence of testimony that he performed his
work.

1. In an action for breach of warranty in a sale of canned goods,
alleged to have spoiled by reason of the caps of the cans being improp-
erly fastened, it was error to admit evidence showing that no com-
plaints had been received concerning defects in goods sold to others
than plaintiff. Those sold to others were different goods and could
not have been packed at exactly the same time as were those sold to
plaintiff.

2. It was also error to admit testimony as to variation of tempera-
ture in localities where the goods were shipped, based not upon actual
knowledge of witnesses but upon probabilities and their understanding
of usual weather conditions. Even if accurate reports had been pro-
duced such evidence would demonstrate nothing in the absence of
proof of conditions under which the goods had been transported and
stored.

3. Evidence that immediately before the canning of the goods in
question an employee of the corporation that owned the capping
machine was directed to put it in order is incompetent in the absence
of evidence that the employee fully performed the work that he was
employed to do.

*New York Canners, Inc., v. Milbourne*, 217 App. Div. 714, reversed.

(Argued February 14, 1928; decided March 27, 1928.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered May 18, 1926, affirming a judgment in favor of
defendants entered upon a verdict.

*Carroll M. Roberts* and *John F. Connor* for appellant.
Defendants were permitted to testify over plaintiff's
objection that other sweet potatoes packed by them in

1920 were sold to various persons from whom no complaints were received. The reception of this evidence was reversible error. (*Altkrug* v. *Whitman Co., Inc.,* 185 App. Div. 744; *Bloom's Son Co.* v. *Haas,* 130 Mo. App. 122; *Hill* v. *Hanan & Son,* 62 Tex. Civ. App. 191; *Elmberg Co.* v. *Dunlap Hardware Co.,* 267 S. W. Rep. 258; *Barton* v. *Kane,* 17 Wis. 37; *Winter-Loeb Grocery Co.* v. *Boykin,* 203 Ala. 187; *Pratt* v. *N. Y. C. & H. R. R. R. Co.,* 77 Hun, 139; *Ward* v. *Kalbfleish,* 21 How. Pr. 283; *Esch* v. *Chicago, Milwaukee & St. Paul R. Co.,* 72 Wis. 229.) Defendants were permitted over plaintiff's objection to introduce testimony as to the variations in temperature at the various cities to which the potatoes were shipped by the plaintiff without any proof that the potatoes in question were subjected to such variations in temperature or that such variations in temperature would cause canned sweet potatoes to turn black and spoil. (Civ. Pr. Act, § 305.) The defendants were erroneously permitted to give testimony tending to place the blame for the spoilage of the potatoes upon the Continental Can Company and its employees. (*Eiseman & Co., Inc.,* v. *Fruchtman,* 211 App. Div. 543.)

*Erwin E. Shutt* for respondents. The appellant's exception to the admission of evidence that respondents received no complaints as to potatoes sold out of the pack to other customers is not well taken. (*Buckly* v. *Westchester Lighting Co.,* 93 App. Div. 436; *Link* v. *Sheldon,* 136 N. Y. 1; *Resch* v. *Columbia Machine Works,* 176 App. Div. 780; *Wightman* v. *Campbell,* 161 App. Div. 49; 217 N. Y. 479; *Fisher* v. *Ritchie & Co.,* 174 App. Div. 604; *Beyer* v. *Isaacs,* 104 App. Div. 12; *Gall* v. *Gall,* 114 N. Y. 109; *Holmes* v. *Moffat,* 120 N. Y. 159; *Malcomson* v. *Monaton Realty & Invest. Co.,* 154 App. Div. 694.) Objections made to the admission of evidence as to the working of respondents' sealing machine are not well taken. (*Webster* v. *Moore,* 108 Md. 572.)

O'BRIEN, J.  The action is for a breach of warranty in the sale of canned sweet potatoes.  For the purpose of distribution to customers, plaintiff purchased 1,650 cases from defendants at their canning factory at Kingston, Md.  On October 12, 1920, 650 cases were shipped by defendants to one of plaintiff's factories at Albion, N. Y., and on October 25, 1,000 cases to another of its factories at Irving, N. Y.  Of the potatoes delivered by defendant at Albion 150 cases were on November 26, 1920, transferred by plaintiff to its factory at Irving and on April 23, 1921, ten cases were shipped from Albion to Buffalo.  On December 22, 1920, 140 of the 150 cases transferred from Albion to Irving were shipped from that point to Boise, Idaho, and on other dates during that winter large quantities were shipped from Irving to several points in western and northwestern States.  No potatoes delivered by defendant at plaintiff's Albion factory proved to be bad except some of those which remained at Irving from November 26 to December 22 and some of those which had been sold at Buffalo.  No complaint is made concerning any of the 650 cases sold direct to purchasers from Albion except those 10 cases.  About sixty per cent of the potatoes delivered by plaintiff from its Irving factory to the west proved upon examination a few months later to have turned black and to be unfit for consumption.  The same is true in respect to those sold at Buffalo.  Plaintiff's theory is that a machine in defendants' factory improperly fastened the caps of the cans thereby allowing air to enter and spoiling the contents.  An important issue relates to the condition of that machine.

Evidence was produced by plaintiff to the effect that the machine is a delicate one, frequently out of order and requiring supervision and testing at short intervals by an expert.  Every hour or less, by filing the coverings of the seams of cans selected at random, the mechanic in charge tested its efficiency and accuracy of operation.

Testimony tends to show that many cans, the contents of which were spoiled, were improperly sealed.  Yet the evidence on this point is not so conclusive as to compel the jury to infer that improper sealing caused the potatoes to assume the defective condition in which they were discovered.  Although positive opinion was expressed by witnesses that such a cause produced that effect, the jury was not, of course, bound by it.  One of plaintiff's witnesses, an expert capping machine operator, confessed that he did not know what effect the entrance of air into the can would produce.  Another expert, one engaged in laboratory research for the canning industry, first testified that air will spoil canned sweet potatoes and turn them black and that in the cans where the potatoes were spoiled air did enter and discolor the contents. Later he admitted that air in contact with the starch and sugar in the bottom of the can will cause fermentation and that fermentation is accompanied by swelling but that no fermentation and no swelling were found in the cans which he examined.  From this evidence the jury could have found that, in the absence of fermentation, no air entered the cans and that the condition of the potatoes resulted from causes other than improper sealing.  The issue of fact may be treated as a close one and, since that is so, any error in the admission of evidence may have improperly influenced the jury to render a verdict for defendant and will require reversal of the judgment.  We find three such errors.

Evidence was admitted for the purpose of showing that no complaints were received concerning defects in any potatoes sold by defendant to others than plaintiff. Those sold to others were, of course, different potatoes and could not have been packed at exactly the same time as were those sold to plaintiff.  The packing began late in September and ended October 8th.  Only about 2,600 cases were packed, or about three hundred or four hundred

per day. During each day many cans might have been improperly capped. Most of the cans were correctly sealed. At least forty per cent of those received by plaintiff remained good. The fact is possible that the cans shipped to Irving and later sent to the west and the ten cases transhipped from Albion to Buffalo were improperly capped at times when the machine may have been inaccurately adjusted. The cap of a can could be examined only by filing the seam, and comparatively few were ever so tested. This is not a case where different lots of a product are shown to have been mixed at the same time, packed in the same way and stored under similar conditions.

The admission of evidence relating to variation in temperature in the western and northwestern localities where the potatoes were shipped was also error. It was not based upon actual knowledge of witnesses but upon probabilities and upon the witnesses' general understanding of usual weather conditions. Even if accurate reports had been produced by those having knowledge of the subject, such evidence would demonstrate nothing in the absence of proof of conditions under which the potatoes had been transported and stored.

Defendant proved that the capping machine was owned by the Continental Canning Company and that, immediately before the canning of the potatoes began, an employee of that company was directed to put the machine in order. This was incompetent in the absence of evidence that the employee fully performed the work that he was thus employed to do.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgments reversed, etc.