■ ALAN F. McHENRY, Individually and as Assignee, Appellant, v. FIFTH AVENUE SYNAGOGUE et al., Respondents.— Orders, entered on April 4, 1962, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.

■ ELEANOR CLOKE, Respondent, v. HOTEL ROOSEVELT CORPORATION, Appellant.— Determination of the Appellate Term affirming a judgment of the City Court in favor of plaintiff unanimously reversed on the law and the facts and complaint dismissed, with costs to the appellant. The evidence fails to show any defect or dangerous condition in regard to the stairway on which plaintiff fell. Plaintiff relies on a combination of lighting and identical floor covering which allegedly obscured a step and induced the illusion of a level, unbroken surface. The area was adequately lighted, and plaintiff was familiar with the premises and well aware of the existence and location of the stairs. Settle order on notice. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ ANTHONY SANGENETTI, Respondent, v. ANTHONY L. ADRIAN, Respondent, and GREAT ATLANTIC & PACIFIC TEA CO., INC., Appellant, et al., Defendant. — Judgment unanimously reversed on the law and the complaint dismissed, with costs to the appellant. The plaintiff failed to prove actionable negligence or the breach of any statutory duty by the defendant-appellant. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ COMMISSIONER OF WELFARE, Respondent, v. JOSEPH BELGRAVE, Appellant.— Order, entered on February 17, 1961, increasing support, unanimously reversed on the law and matter remanded for a new hearing, without costs. On complainant's application the court increased the amount of support for plaintiff's son from $5 to $15 a week. The amount of $5 was fixed at the original hearing in 1958 when paternity was admitted. In October, 1960 an application for an increase was not granted. To obtain an increase now, there should be a showing that there has been a change in conditions, such as the need of the mother or the ability of the father to pay, which would warrant a change in the existing order for support. The evidence adduced was too meager to make such a finding (*Schaschlo* v. *Taishoff*, 2 N Y 2d 408). Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ ISRAEL FELDSTEIN, as Guardian ad Litem of STEVEN FELDSTEIN, an Infant, et al., Appellants, v. GREATER NEW YORK COUNCILS, BOY SCOUTS OF AMERICA, Respondent.— Judgment dismissing the complaint for failure to proceed with the trial of a personal injury action, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and a new trial ordered. The court in its discretion may order a separate trial of one or more issues in a case prior to any trial of other issues (Civ. Prac. Act, § 443). If the complaint consisted only of the first cause of action, the dismissal would have been a proper exercise of discretion. However, the nature and extent of plaintiff's injuries as alleged in the second cause of action, which complained of a failure to provide prompt medical treatment, have an important bearing on the question of liability. In our view plaintiff might well be prejudiced by a severance (cf. *Berman* v. *H. J. Enterprises*, 13 A D 2d 199). Additionally, some of the court feel that the remarks of the Trial Justice after the jury had been sworn could have been so misunderstool by the jury as to have unfairly misled them to plaintiff's detriment. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.