■ MARY CORELLI et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendant. — Judgment of the Supreme Court, Bronx County (G. Inglehart, J.), entered December 9, 1980 after a jury verdict in favor of the plaintiffs, reversed, on the law, to the extent appealed from, and the matter remanded for a new trial, without costs. In March, 1976, the plaintiffs, with their daughter and granddaughter, came to Van Cortlandt Park to take their granddaughter for a pony ride. In approaching the pony ride enclosure, the grandmother necessarily crossed a pathway consisting of slabs of slate or flagstones placed over the dirt on the ground on which the plaintiff slipped and severely fractured her left elbow. There were photographs of the site taken by the plaintiff grandfather within several days of the accident. Some four years after the accident had taken place and some two years after the defendant Troccoli, who operated the pony ride concession, had ceased operations, an engineer who became an expert witness at the trial for Troccoli, took some photographs of the area and of a water fountain nearby. The expert witness testified at the trial and invaded the province of the jury with his testimony concerning the appearance and condition of the flagstones at the site. He had not inspected the flagstones he was asked to describe, and his testimony, over objection, was based on the photographs taken by the plaintiff's husband. The jury was competent to assess this evidence based on their own experience, understanding and observation. (*Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140.) He also testified respecting the design and construction of the walkway by assuming facts unsupported by the record, of which he admittedly lacked personal knowledge. (*Cassano v Hagstrom,* 5 NY2d 643; *Lopato v Kinney Rent-A-Car,* 73 AD2d 565; *Cooke v Bernstein,* 45 AD2d 497.) The plaintiffs contend that they should not be penalized because the defendant Troccoli, who was absolved by the jury, had produced an expert witness whose testimony may have been prejudicial to the codefendant, City of New York, and especially so inasmuch as the city, which cross-claimed against its codefendant, did not appeal from the verdict which absolved the codefendant. However, while the plaintiffs could also have cross-appealed against the judgment dismissing the complaint against Troccoli, prejudicial evidence, properly objected to by the defendant city, even though not the responsibility of the plaintiffs, still may have improperly swayed the jury in reaching its verdict and, accordingly, a new trial is warranted. Concur — Kupferman, J. P., Markewich, Lupiano, Lynch and Milonas, JJ.