CAMERON F. ANDERS, Appellant, v SUSAN A. SEGALL et al., Respondents.

Memorandum: While operating his motorcycle in a southerly direction on Winton Road through its intersection with the I-590 on-ramp in the Town of Brighton, plaintiff was struck by a northbound automobile driven by defendant Susan Segall who

turned left to enter the I-590 on-ramp. Plaintiff sustained serious and permanent injuries as a result of the accident.

After a trial, the jury found in plaintiff's favor, awarded him $52,000 and apportioned liability 86% to defendant and 14% to plaintiff.

On appeal, plaintiff advances three issues which he asserts warrant reversal: the inadequacy of the verdict; error as a matter of law by the jury in finding defendant less than 100% negligent; and an improper "missing witness" charge by the court concerning the failure of plaintiff to produce one of his physicians at trial.

First addressing the issue of liability, where varying inferences from the evidence are possible, the issue of negligence is left to the jury (*Harris v Armstrong*, 97 AD2d 947, *appeal dismissed* 62 NY2d 642, *rearg denied* 62 NY2d 943, *affd* 64 NY2d 700). Here, whether plaintiff's motorcycle headlight was fully operating, whether plaintiff's speed was too great for the conditions as he approached the intersection, and whether plaintiff took reasonable evasive action to avoid the collision were all factual questions precluding a directed verdict. The Court of Appeals has held that the issue of contributory negligence presents a jury question "in all but the clearest cases" (*MacDowall v Koehring Basic Constr. Equip.*, 49 NY2d 824, 827; *see also, Buscaglia v Olka*, 101 AD2d 713, 714). Applying these principles, we cannot conclude that the jury finding that plaintiff was 14% negligent was against the weight of the evidence.

We find no error in the missing witness charge. From the time of the accident in October 1983 to December 1983, plaintiff's treating physician was Dr. Robert Little. In January 1984, plaintiff expressed a desire that he be treated by Dr. Richard Burton who did, in fact, treat plaintiff and to whom Dr. Little deferred. The record indicates that in February 1984 Dr. Little resumed treating plaintiff, and continued in his role as treating physician until plaintiff's discharge from care in May 1985. Dr. Burton was not called as a witness and, on the facts of the case, it was not error for the court to have characterized him as a treating physician. That aside, if plaintiff has, in fact, been prejudiced by the charge, it would affect the issue of damages only, and in view of the result we reach herein the alleged prejudice is eliminated.

Lastly, we conclude that the jury verdict was inadequate. As a result of the accident, plaintiff suffered a comminuted fracture of his right thumb (plaintiff is right-handed), resulting in

a loss of grip strength and extension with the possibility of degenerative arthritis requiring further treatment. This diagnosis was not seriously disputed by defendants' medical expert. Additionally, plaintiff suffered a fracture of the midshaft of the tibia of his left leg, with resultant displacement and angulation of the bone fragments. Plaintiff's leg was placed in a cast from the time of the accident in October 1983 until July 1984, when a removable cast was applied. As a result of the fracture, plaintiff's left leg bows outward from the knee and inward again to the ankle, and there is a lump of scar tissue at the fracture location. The left leg is one-half inch shorter than the right leg and plaintiff ambulates with a limp when he stresses the leg, i.e., when he tries to run.

"[A] jury's assessment of damages should not be disturbed unless it is so excessive or inadequate that it shocks the conscience of the court" *(Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 138; *see also, Beardsley v Wyoming County Community Hosp.,* 79 AD2d 1110, 1111). Applying this test to the nature and quality of plaintiff's injuries, the verdict was inadequate and should be set aside and a new trial granted on the issue of damages only, unless defendants stipulate to increase the verdict in favor of plaintiff to $100,000. (Appeal from judgment of Supreme Court, Monroe County, Provenzano, J.—adequacy of award.) Present—Doerr, J. P., Green, Balio, Lawton and Schnepp, JJ.