■ GARY M. HUGELMAIER, Respondent-Appellant, v TOWN OF SWEDEN et al., Defendants, and COUNTY OF MONROE, Appellant-Respondent. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: At the trial of this personal injury action arising from a single-car accident, defendant Joyce Perrine, the driver, testified that her car began to slide to the right, and that when she tried to recover control of the car it swerved to the left, traveled about 160 feet and struck two trees off the left side of the road. Plaintiff, a passenger in the car, suffered serious injuries as a result of the accident. Perrine testified that she did not remember whether her car left the road on the right before swerving to the left, but prior testimony given by Perrine was introduced in which she stated that her car did not leave the road on the right. Additionally, the investigating officer who examined the scene and reported and diagramed the accident testified that there was no evidence at the scene that the Perrine vehicle left the road on the right before swerving to the left.

Over objection of defendant County of Monroe, an accident reconstruction expert was permitted to testify that, in his opinion, the accident was caused by an excessive slope in the right-hand lane of the road, causing the driver's car to move off the road onto the shoulder. He opined that a correction by the driver to attempt to get the car under control would result

in the movement of the car across the lanes onto the opposite side of the road and into the trees because of a two-inch difference in height between the roadway and the right shoulder. Thus, he concluded, the accident occurred because of the negligent maintenance of the road by defendant county.

This testimony should have been stricken. Whether expert testimony is admissible is generally a question addressed to the discretion of the trial court *(Selkowitz v County of Nassau,* 45 NY2d 97, 101-102). However, the expert testimony must have a proper foundation in the record and be based upon established facts relevant to the controversy *(Soulier v Hughes,* 119 AD2d 951, 952; *Gardner v Dixie Parking Corp.,* 80 AD2d 577). "It is settled and unquestioned law that opinion evidence must be based on facts in the record or personally known to the witness * * *. He cannot reach this conclusion by assuming material facts not supported by evidence" *(Cassano v Hagstrom,* 5 NY2d 643, 646, *rearg denied* 6 NY2d 882; *Corelli v City of New York,* 88 AD2d 810; Richardson, Evidence § 370, at 347 [Prince 10th ed]). In this case, plaintiff's expert admitted that his opinion was based on his conclusion that the car left the road on the right and traveled onto the right shoulder before it veered off to the left. Because there was no evidence that the car left the road on the right, the expert's opinion is without value. Absent the expert opinion concerning the cause of the accident, there is no evidence in the record that the accident was caused by the negligence of the County of Monroe; therefore, the verdict against the county must be reversed and plaintiff's complaint against it dismissed.

Plaintiff cross-appeals, arguing that the verdict in his favor is inadequate and that there should be a new trial on the issue of damages. A jury's assessment of damages should not be disturbed unless it is so excessive or inadequate that it shocks the conscience of the court *(Anders v Segall,* 124 AD2d 1029, 1031; *Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 138). We do not find that the verdict of $189,566.43 in plaintiff's favor is so low as to shock the conscience of the court. We note that the standard of "reasonable compensation" for appellate review of excessiveness or inadequacy of an award (CPLR 5501 [c]) only applies to actions commenced after July 30, 1986. The present action was commenced in 1981. (Appeals from judgment of Supreme Court, Monroe County, Patlow, J. —negligence.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.