■ ELIZABETH GIGLIOTTI, Appellant, v GRETCHEN A. WRAPE,

as Administratrix of the Estate of JOHN T. WRAPE, Deceased, et al., Respondents.—Judgment unanimously reversed on the law and new trial granted on the issue of damages only, unless defendant Gretchen A. Wrape, as administratrix of the estate of John T. Wrape, shall, within 10 days of the service of the order herein, stipulate to increase the verdict to $100,000 in which event the judgment shall be modified to grant plaintiff Elizabeth Gigliotti judgment against defendant Gretchen A. Wrape, as administratrix of the estate of John T. Wrape in the amount of $100,000, and as modified affirmed with costs. Memorandum: Plaintiff, a 22-year-old female, was injured when the car in which she was a passenger was involved in a collision with a car driven by defendant's decedent. Plaintiff sustained serious and permanent injuries as a result of the accident. After trial, the jury found in plaintiff's favor and awarded her $35,000. Plaintiff's motion to set aside the verdict as inadequate was denied by the trial court.

The sole issue raised on appeal is the adequacy of the verdict to compensate plaintiff for her injuries. We conclude that, given the nature and quality of plaintiff's injuries, the jury verdict is inadequate. As a result of the accident, plaintiff sustained intercranial hematoma, a significant head injury which encompasses bleeding into the brain, that left her unconscious or semiconscious for several days. She also sustained a massive fracture-dislocation of the left elbow, a comminuted fracture of the upper jaw, cheekbone and eye socket, and facial lacerations. Surgery was performed to repair the arm fractures, and to reposition and stabilize the facial bones to hold the eye in place. Additional surgery was later required to remove some of the pins and screws used to restore the anatomical line of the arm after a pin protruded through the skin.

Plaintiff testified that she suffered great pain and a lengthy period of disability during her convalescence. She also experienced abnormal hair growth on her face, neck and chest as a result of steroids administered to her during her hospital stay, and suffered amenorrhea. She has facial scarring, numbness on the left side of the face and minor facial deformity (assymetry of the eyes and a crooked smile). There is permanent limitation of motion of the left arm, extensive scar tissue on the arm, and plaintiff now suffers from traumatic arthritis and ulnar nerve palsy. She further testified that she continues to experience severe headaches for which she takes a prescription medicine, and that she is self-conscious as a result of the extensive scarring and disfigurement.

This action was commenced prior to July 30, 1986 and came to trial before August 1, 1988; thus the applicable standard for review is whether the jury's assessment of damages was so inadequate that it "shocks the conscience of the court" *(Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 138; *see also, Anders v Segall,* 124 AD2d 1029, 1031; *Beardsley v Wyoming County Community Hosp.,* 79 AD2d 1110, 1111). Applying that test, we find that the award of $35,000 is wholly inadequate to compensate plaintiff for her injuries and that any award of less than $100,000 would be inadequate as a matter of law *(see, Anders v Segall, supra; Stiso v Piccarello,* 120 AD2d 516). Accordingly, the verdict should be set aside and a new trial granted on the issue of damages only, unless defendant stipulates to increase the verdict in favor of plaintiff to $100,000. (Appeal from judgment of Supreme Court, Oneida County, Shaheen, J.—negligence.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.