■ CATHERINE ZULAWSKI et al., Appellants-Respondents, v GERALD ZULAWSKI, Respondent-Appellant, and CELIA LINDER et al., Respondents.—Order and judgment unanimously modified on the law and as modified affirmed without costs and new trial granted to plaintiff James Zulawski on all issues and to plaintiff Catherine Zulawski on the issue of damages only, in accordance with the following Memorandum: Plaintiffs Catherine Zulawski, Frances Zulawski and James Zulawski appeal from an order and judgment which, based upon a jury verdict, dismissed the personal injury claims of Frances Zulawski and James Zulawski and awarded Catherine Zulawski a judgment against both defendants. Defendant Gerald Zulawski cross-appeals from so much of that judgment as apportioned liability for the damage award to Catherine Zulawski as against him.

The jury found that plaintiff Catherine Zulawski had sustained a permanent consequential limitation of the use of a body member as a result of the accident and awarded her $10,000 in damages. The jury also determined that neither Frances Zulawski nor James Zulawski had sustained a serious injury within the meaning of Insurance Law § 5102 (d). Defendant Celia Linder was found to be 70% at fault and defendant Gerald Zulawski 30%.

This action was commenced prior to July 30, 1986, but did not come to trial until after August 1, 1988; thus, the applicable standard for review is whether the jury's assessment of damages was so inadequate that "it deviates materially from what would be reasonable compensation" (CPLR 5501 [c], as amended L 1986, ch 682, §§ 10, 12; L 1988, ch 184, § 20). Given the nature and quality of Catherine's injuries and the great pain that she suffered over a long period of time, we conclude that the award of $10,000 is wholly inadequate *(see, Gigliotti v Wrape,* 156 AD2d 946, 947). Accordingly, that part of the verdict should be set aside and a new trial granted on the issue of damages only *(Gigliotti v Wrape, supra).*

Further, we find that the jury's determination that James Zulawski did not sustain a significant disfigurement within the meaning of Insurance Law § 5102 (d) is against the weight of the evidence. The standard by which significant disfigurement is to be determined within the meaning of that statute is whether a reasonable person would view the condition as unattractive, objectionable, or as the subject of pity or scorn *(Landsman v Bunker,* 142 AD2d 986; *Prieston v Massaro,* 107 AD2d 742, 743; *Waldron v Wild,* 96 AD2d 190, 194). Here, James Zulawski sustained a laceration of his forehead which

required 20 stitches and left a 2 to 2½ inch scar on his forehead. A photograph taken nearly 6½ years after the accident and two months prior to trial reveals that the scar is still noticeable.

The record supports the jury determination that Frances Zulawski did not sustain a serious injury (Insurance Law § 5102 [d]) and that the apportionment of liability between defendants was not against the weight of the evidence. (Appeals from Order and Judgment of Supreme Court, Erie County, Doyle, J.—Negligence.) Present—Callahan, J. P., Balio, Lawton and Davis, JJ.