(February 22, 1994)

■ ELEANORE M. SZABO et al., Plaintiffs, v CHURCH OF THE HOLY TRINITY et al., Defendants and Third-Party Plaintiffs, et al., Third-Party Defendant. SPEYER & PERLBERG, Appellant, v STUART C. COHEN, Respondent. [607 NYS2d 935] —Order of the Supreme Court, New York County (Stuart C. Cohen, J.), entered on or about March 25, 1993, which assessed attorneys' fees of $3,500 and sanctions of $1,000 against Speyer & Perlberg for frivolous conduct in pursuing the third-party action against the Board of Elections of the City of New York, unanimously reversed, on the law, without costs.

Plaintiffs commenced this personal injury action in or about May 1988. The complaint alleges that plaintiff Eleanore Szabo worked as an election inspector for third-party defendant Board of Elections at defendant Church of the Holy Trinity during a primary election held on April 19, 1988. She allegedly sustained injury to her left wrist when she slipped and fell, near a structure she described as a stage, as a result of wax, dirt and other debris on the floor.

Pursuant to a written lease, the Board of Elections utilized a portion of the church auditorium separated from the remainder of the room by curtains and tables. The day before the accident, the Board's representatives were specifically instructed to keep the public and all personnel away from a restricted area used by defendant Triangle Theatre Co. The evening before the election, a church employee cleaned the entire auditorium, inclusive of the restricted area. At his examination before trial, the employee stated that, shortly before the accident, he observed the area of the floor where Mrs. Szabo claimed she fell to be free from debris. These allegations formed the basis for a third-party action brought by defendants against the Board, seeking contribution and indemnification on the ground that the Board had exclusive control over public access to the area where the fall occurred.

The matter came before respondent Supreme Court Justice who, at a conference held May 26, 1992, questioned the merit of the third-party action and suggested that it be voluntarily withdrawn. When the court's suggestion was declined, appel-

lant-counsel for defendants were directed to return on August 11, 1992 and threatened with sanctions unless evidence to justify the third-party claim was produced.

Appellant-counsel, Speyer & Perlberg, filed a motion seeking reargument of the order which, at the insistence of the Motion Support Office, was made returnable before Justice Martin Schoenfeld. On August 11, 1992, the parties appeared before Justice Cohen and counsel again declined to withdraw the third-party action. Thereupon defendants were directed to submit another motion returnable to respondent Justice on August 25, 1992 and to produce witnesses for a hearing on the validity of the third-party action. A motion to reargue the directive to appear for an evidentiary hearing was then submitted. Although the Board of Elections filed no opposing papers, respondent nonetheless denied the application and heard testimony from the church employee, who stated that the premises were clean and free from debris at the time the Board occupied them.

Subsequently, the action was settled for $17,000, without any contribution from the Board of Elections. The court viewed the presence of the Board in the litigation as unnecessary and imposed sanctions pursuant to CPLR 8303-a, directing counsel for defendants to pay $3,500 in attorneys' fees to counsel for the Board and a $1,000 fine to the Clients' Security Fund.

CPLR 8303-a provides that costs can be imposed if a party maintains a frivolous claim in a personal injury action. However, the claim, counterclaim, defense or cross claim must have been commenced, used or continued in bad faith, solely to delay or prolong the resolution of the litigation or to harm or maliciously injure another, or be devoid of any reasonable basis in fact or law (CPLR 8303-a [c] [i], [ii]).

In this case, defendant Church of the Holy Trinity presented sworn deposition testimony and affidavits, attesting that the Board and its employees were authorized to use a specified portion of the church's auditorium marked off by tables and curtains and that the Board was advised to keep both the public and its own personnel out of the restricted area where plaintiff fell. Defendant contends that, under these facts, the Board failed to take adequate measures to prevent the injury to Eleanore Szabo (cf., *Chafoulias v 240 E. 55th St. Tenants Corp.*, 141 AD2d 207 [landlord's failure to warn]). Moreover, there was testimony that the entire auditorium was clear of any debris at the time control was surrendered to the

Board of Elections. Under these facts, it cannot be said that defendants' third-party action was maintained against the Board in bad faith or without any reasonable basis in fact or law *(compare, Matter of Minister of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411). Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.