■ TRACEY NEIDERT et al., Appellants, v AUSTIN S. EDGAR, INC., et al., Respondents. [612 NYS2d 529] —Order and judgment unanimously reversed on the law with costs, motion granted and new trial granted. Memorandum: Plaintiffs commenced

this action to recover damages for personal injuries sustained by plaintiff Tracey Neidert when the automobile in which she was a passenger was struck by a delivery van owned by defendant Austin S. Edgar, Inc., and operated by defendant Joe L. Anthony. The accident occurred on Route 21 in the Town of Naples. At trial, defendants presented expert opinion testimony of a meteorologist concerning general weather conditions throughout Western New York and the Finger Lakes region. Based upon his understanding of those general conditions, the expert concluded that there was black ice on roads in the area. He further testified, however, that there was no basis for concluding whether there was black ice present on Route 21 at the time and place of the accident.

Supreme Court erred in denying plaintiffs' motion to strike that testimony. The meteorologist's opinion that the weather conditions prevailing in the region could produce areas of black ice supports only speculation about actual conditions at the accident scene *(see, New York Canners v Milbourne,* 247 NY 460, 464). "Expert opinions which are ' "contingent, speculative or merely possible" ' lack probative force and are, therefore, inadmissible" *(People v Robinson,* 174 AD2d 998, 999, *lv denied* 78 NY2d 1014, quoting *Matott v Ward,* 48 NY2d 455, 461; *Strohm v New York, Lake Erie & W. R. R. Co.,* 96 NY 305, 305-306). The meteorologist's opinion concerning the possible presence of black ice provided the jury with a basis for finding that the accident was caused by unforeseeable road conditions rather than the negligence of defendant Anthony.

Supreme Court also erred in charging the jury on the rules applicable to the standard of care in an emergency situation. The emergency doctrine instruction should not be given where, as here, defendant driver should reasonably have anticipated and been prepared to deal with the situation with which he was confronted *(see, Hardy v Sicuranza,* 133 AD2d 138). The testimony at trial clearly established that defendant Anthony was aware that the road surface was slushy and slippery. Furthermore, defendant Anthony admitted that he had problems keeping control of the van when it fishtailed on four occasions prior to the accident. Thus, this accident was not the result of a "sudden and unforeseen occurrence" *(Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327) that would entitle defendants to an emergency doctrine instruction. Plaintiffs are entitled, therefore, to a new trial *(see, Corelli v City of New York,* 88 AD2d 810; *see also, Hugelmaier v Town*

*of Sweden,* 144 AD2d 934, *lv dismissed* 74 NY2d 699). (Appeal from Order and Judgment of Supreme Court, Monroe County, Galloway, J.—Set Aside Verdict.) Present—Denman, P. J., Green, Lawton, Wesley and Callahan, JJ.