■ HELEN M. EDMISTON, Individually and as Adminstratrix of the Estate of CLAUD EDMISTON, Deceased, Respondent, v TONY ROME'S, INC., Appellant, and BLUE LANTERN LOUNGE, Respondent, et al., Defendant. [637 NYS2d 896] —Order unanimously affirmed with costs. Memorandum: Although defendant Tony Rome's, Inc., met its initial burden of establishing entitlement to judgment as a matter of law, plaintiff submitted evidentiary proof in admissible form raising an issue of fact whether Tony Rome's served decedent unwholesome food that caused his fatal illness *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Contrary to the contention of Tony Rome's, the opinion of plaintiff's medical expert concerning the incubation period for decedent's illness does not constitute a formal judicial admission *(see,* Richardson, Evidence § 216 [Prince 10th ed]; *cf., Russell v Gaines,* 209 AD2d 939). Plaintiff's other expert, who has a Ph.D. in toxicology, is qualified to render an opinion on the issue of causation *(see generally, Matott v Ward,* 48 NY2d 455, 459-462), and his opinion was based upon established facts relevant to the controversy *(see, Hugelmaier v Town of Sweden,* 144 AD2d 934, *lv denied and dismissed* 74 NY2d 699). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.