■ Greta Martin et al., Appellants, v City of New York et al., Respondents, et al., Defendant. [919 NYS2d 330]—

Defendants demonstrated their prima facie entitlement to judgment as a matter of law. Plaintiff testified at her deposition that she was unable to identify the cause of the fall (*see Reed v*

*Piran Realty Corp.*, 30 AD3d 319 [2006], *lv denied* 8 NY3d 801 [2007]). Contrary to plaintiff's contention, the unsigned deposition transcript could be used as an admission against her since no party challenged the accuracy of the testimony as transcribed and it was certified as accurate (*see Zabari v City of New York*, 242 AD2d 15, 17 [1998]; CPLR 3116 [a]).

In opposition, plaintiffs failed to raise a triable issue of fact. Although plaintiff alleged that a curb on the property caused her fall and that the curb posed an optical confusion, the photographic evidence is not sufficient to defeat the motions (*see Remes v 513 W. 26th Realty, LLC*, 73 AD3d 665 [2010]; *compare Chafoulias v 240 E. 55th St. Tenants Corp.*, 141 AD2d 207, 211 [1988]). Concur—Tom, J.P., Sweeny, Catterson, Acosta and Manzanet-Daniels, JJ.