[924 NYS2d 32]

Lorelle Saretsky et al., Appellants, v 85 Kenmare Realty Corp. et al., Respondents, et al., Defendant.

First Department, May 12, 2011

### APPEARANCES OF COUNSEL

*Picciano & Scahill, P.C.*, Westbury (*Gilbert J. Hardy* of counsel), for appellants.

*Callahan & Fusco, LLC*, New York City (*William A. Sicheri* of counsel), for 85 Kenmare Realty Corp., respondent.

*Faust Goetz Schenker & Blee LLP*, New York City (*Lisa De Lindsay* of counsel), for Sheryl Shoe Incorporated, respondent.

### OPINION OF THE COURT

CATTERSON, J.

In this personal injury action, we reiterate the well-established principle that a finding of "open and obvious" as to a hazardous condition is never fatal to a plaintiff's negligence claim. It is relevant only to plaintiff's comparative fault. Therefore, we unanimously reverse the grant of summary judgment in favor of defendants 85 Kenmare Realty Corp. and Sheryl Shoe Incorporated and reinstate the complaint.

On May 21, 2007, the plaintiff was injured when she fell off a raised walkway in front of the defendant's building after exiting the codefendant store owner's shop. Photographs in the record indicate that the platform-like raised walkway runs approximately the length of the building on Mulberry Street abutting several storefronts. The plaintiff described the walkway as extending about 4½ feet out from the face of the building and ending at a transition step approximately five inches high in the center of the sidewalk.

The plaintiff initiated this personal injury action claiming that the transition step from the walkway to the lower level constituting the sidewalk was dangerous and "trap-like." The plaintiff alleged that the defendants were negligent in failing to make repairs to a hazardous condition, and in failing to provide

any warning, visual cues, barriers, handrails or other devices. The defendants argued that the transition step from the walkway to the sidewalk is open and obvious and that plaintiff's inattention was the sole proximate cause of her fall.

During the General Municipal Law § 50-h hearing held on October 10, 2007, the plaintiff explained that she approached the store from Spring Street by walking on the sidewalk parallel to the storefronts. She testified that coming from that direction, she did not see that she had entered onto a raised walkway nor did she step up onto the walkway before entering the store. The plaintiff further testified that when she exited the building, she walked perpendicular to the storefronts while transiting the walkway towards the curb. She fell on the transition step from the walkway to the sidewalk, injuring her left shoulder, left arm, neck and head. The plaintiff described her fall in the following colloquy during the hearing:

> "Q: The question was, what caused your accident, if you know?
>
> "A: I just fell.
>
> "Q: Was there anything that caused you to fall? . . .
>
> "A: There was a step in the middle of the sidewalk. . . .
>
> "Q: Did the accident occur from when you stepped down from the step?
>
> "A: I didn't see the step, so I fell down. That's where the fall took place.
>
> "Q: Was that while you were stepping off the step?
>
> "A: I didn't see that there was a step. I didn't even trip, I just went down."

After the hearing, the defendants moved, inter alia, for summary judgment dismissing the complaint against them. By order dated September 11, 2009, the motion court granted the defendants' motions and dismissed the complaint on the grounds that the plaintiff failed to rebut her sworn testimony "that she fell because she wasn't looking." (2009 NY Slip Op 33255[U], *2.) The plaintiff moved to renew and reargue and offered, inter alia, the affidavit of her expert engineer in support. Upon granting the plaintiff's motion, the motion court adhered to its prior decision.

This was error. Not only did the motion court mischaracterize plaintiff's testimony, but its implicit conclusion, that had

plaintiff been looking she would have seen the hazard and avoided injury, was premised on a finding that the transition step to the sidewalk was open and obvious. As such, the precedent of this Court mandates reversal. In *Westbrook v WR Activities-Cabrera Mkts.* (5 AD3d 69, 72-73 [1st Dept 2004, Saxe, J.]), we held that finding a hazardous condition to be open and obvious is not fatal to a plaintiff's negligence claim, but rather is relevant to plaintiff's comparative fault, and hence summary judgment dismissal is not appropriate. More significantly for the plaintiff in this case, we held in that case that "even visible hazards do not necessarily qualify as open and obvious" because the "nature or location of some hazards, while they are technically visible, make them likely to be overlooked." (*Westbrook*, 5 AD3d at 72, citing *Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071 [3d Dept 1992].)

In the instant case, the plaintiff contends that the walkway in front of defendants' premises created "optical confusion"* and testified that she "didn't see" the five-inch step down to the sidewalk. Nowhere in the plaintiff's section 50-h testimony does she suggest that she was "not looking." Thus, it is clear that the motion court erred in its interpretation of the plaintiff's testimony. This Court considered a similar mischaracterization in *Chafoulias v 240 E. 55th St. Tenants Corp.* (141 AD2d 207 [1st Dept 1988]). In that case, the motion court interpreted the plaintiff's testimony that she never saw the steps as testimony that she " 'was not looking where she was going.' " (141 AD2d at 210.) In reversing and reinstating the complaint, we found that a reasonable interpretation of her testimony, consistent with her negligence theory, was that the steps could not be seen. (141 AD2d at 211.)

We make the same finding here, particularly since the plaintiff's theory of "optical confusion" is supported by the record. The affidavit of plaintiff's expert engineer states that the concrete on the sidewalk and the walkway were similar shades of gray. He also noted that although the edge of the walkway was painted with a red line on the surface of the transition riser

---

* "Optical confusion" occurs when conditions in an area create the illusion of a flat surface, visually obscuring any steps. (*Brooks v Bergdorf-Goodman Co.*, 5 AD2d 162, 163 [1st Dept 1958]; *see also Cloke v Hotel Roosevelt Corp.*, 16 AD2d 771 [1st Dept 1962].) "[F]indings of liability have typically turned on factors such as inadequate warning of the drop, coupled with poor lighting, inadequate demarcation between raised and lowered areas, or some other distraction or similar dangerous condition." (*Schreiber v Philip & Morris Rest. Corp.*, 25 AD2d 262, 263 [1st Dept 1966], *affd* 19 NY2d 786 [1967].)

and upper horizontal edge, the paint in front of the defendant's store was "very worn." He opined that the failure to maintain the red stripe on the walkway was a predominant factor in the plaintiff's fall. It is further undisputed that there were no warning signs, handrails or barricades in the area indicating a change in elevation. Hence, the plaintiff raises a triable issue of fact as to the open and obvious condition of the step.

The defendants' argument that the plaintiff would have had to step up onto the walkway in order to enter the store, thereby alerting her to the transition step, is unavailing. The photographs clearly show that the walkway increases in height from one end to the other. Therefore, the plaintiff, who testified that she approached from the Spring Street end, would have entered onto the walkway where the height differential was negligible. This would have provided no occasion for her to step up before going into the store.

In any event, even had the plaintiff seen the transition step going into the store, evidence that the transition step was less visible coming out of the store is sufficient to raise a triable issue of fact precluding summary judgment. (*See e.g. Westbrook,* 5 AD3d at 72, citing *Thornhill v Toys "R" Us NYTEX,* 183 AD2d at 1073 [noting that even though the plaintiff initially noticed and avoided the platform, an issue of fact was raised by photographs showing that the platform was "not as clearly discernible from the rear as it was from the front"].)

Accordingly, the order of Supreme Court, New York County (Milton A. Tingling, J.), entered April 19, 2010, which, upon renewal and reargument, adhered to a prior order granting the defendants 85 Kenmare Realty Corp.'s and Sheryl Shoe Incorporated's motions for summary judgment dismissing the complaint, should be reversed, on the law, without costs, and the motions denied and the complaint reinstated. The appeal from the order, same court and Justice, entered September 18, 2009, which granted the defendants' motions for summary judgment, should be dismissed, without costs, as superseded by the appeal from the later order.

GONZALEZ, P.J., SAXE, ACOSTA and MANZANET-DANIELS, JJ., concur.

Order, Supreme Court, New York County, entered April 19, 2010, reversed, on the law, without costs, the motions denied and the complaint reinstated. Appeal from order, same court,

entered September 18, 2009, dismissed, without costs, as superseded by the appeal from the later order.