■ Marie Eckardt, Respondent, v Starr Building Realty LLC, Respondent-Appellant, and East Twin Enterprises, Inc., Doing Business as Rhinebeck Grille, Appellant-Respondent. [965 NYS2d 92]—

---

Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 26, 2012, which, inter alia, denied defendant Starr Building Realty LLC's (Starr) motion and defendant East Twin Enterprises, Inc. doing business as Rhinebeck Grille's (East Twin) cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the cross motion, and dismiss the complaint as against East Twin, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff was patronizing defendant East Twin's restaurant, located in a building owned by codefendant Starr, when she tripped and fell on a step leading into the restroom. East Twin had no control over the restroom in question, which was located on the second floor of the property and was not included in the premises leased to it (*see McNally v East Twins Enters., Inc.*, 19 AD3d 152 [1st Dept 2005]). Accordingly, summary judgment should have been granted dismissing the complaint as to East Twin.

However, as to the condition of the step, we find that the circumstances of this case do not differ in a legally significant manner from those in *McNally*. Although in this case, there was a "Watch Your Step" sign on the restroom door, behind which the subject step was located, and the step itself was demarcated with a metal strip, it is not clear that the warnings were adequate in view of plaintiff's testimony that she did not see the step or the sign, and the hallway was dark.

If the lighting in the hallway was insufficient, the step to enter and exit the restroom still may have constituted a "trap for the unwary by reason of . . . [its] placement" (*McNally*, 19 AD3d at 153 [internal quotation marks and citation omitted]; *see also Saretsky v 85 Kenmare Realty Corp.*, 85 AD3d 89 [1st Dept 2011]). Accordingly, summary judgment was correctly denied as to Starr.

In light of the above, that portion of East Twin's cross motion seeking common-law indemnification is academic. Concur—Acosta, J.P., Moskowitz, Renwick, Freedman and Clark, JJ. **[Prior Case History: 2012 NY Slip Op 31115(U).]**