Order, Supreme Court, New York County (Anil C. Singh, J.), entered August 13, 2012, which, to the extent appealed from, denied defendants Margis Realty Company, LLC and Milbrook Properties, Ltd.’s motion for summary judgment dismissing the complaint as against Margis and on their cross claim against defendants Falcon Meat Market and Falcon Meat Market, Inc. (together, Falcon) for contractual indemnification, denied Falcon’s motion for summary judgment dismissing the complaint as against it, and granted plaintiffs motion for summary judgment on the issue of liability as against Margis and Falcon, unanimously modified, on the law, to grant Margis’s motion for conditional summary judgment on its contractual indemnification claim against Falcon, and to deny plaintiffs motion, and otherwise affirmed, without costs.
*639 Plaintiff slipped and fell on snow and ice on the sidewalk allegedly in front of a building owned by Margis and managed by Milbrook in which Falcon leases premises for its store. Pursuant to its lease agreement, Falcon agreed to provide public liability insurance naming Margis as an additional insured party and to indemnify Margis from all claims, losses, actions, costs and expenses, including, without limitation, reasonable attorneys’ fees.
Margis and Falcon established prima facie that they had no obligation to remove the snow from the sidewalk in front of Margis’s building until 11 a.m. (nearly three hours after plaintiffs accident occurred) because it had snowed the night before (see Administrative Code of City of NY § 16-123 [a]; Rodriguez v New York City Hous. Auth., 52 AD3d 299 [1st Dept 2008]). However, plaintiff submitted a meteorologist’s affidavit, together with certified meteorological records, indicating that 10 inches of snow had fallen two days before her accident, thereby raising an issue of fact whether Margis and Falcon had failed to clear the snow that fell days before her accident, not the night before.
Plaintiffs motion for summary judgment on the issue of liability was timely (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 448-449 [1st Dept 2013]). However, plaintiffs expert meteorologist failed to take into account the parties’ competing testimony as to snow conditions the night before the accident, and his opinion is therefore not persuasive (see Massey v Newburgh W. Realty, Inc., 84 AD3d 564, 566 [1st Dept 2011]; Neider v Austin S. Edgar, Inc., 204 AD2d 1030 [4th Dept 1994]). In addition, an issue of fact is raised by the testimony of Falcon’s owner that plaintiff fell not in front of his store but in front of another building.
The indemnification clause in the lease agreement between Margis and Falcon, as superseded by the lease rider, is not against public policy (see Amill v Lawrence Ruben Co., Inc., 100 AD3d 458, 460 [1st Dept 2012]). Pending a determination as to negligence on Margis’s part, Margis is entitled to conditional summary judgment against Falcon on its claim for indemnification (see Masciotta v Morse Diesel Intl., 303 AD2d 309, 310 [1st Dept 2003]). However, Milbrook’s claim for indemnification and attorneys’ fees and expenses is denied. Concur — Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ.