Pizzolo v Thyssenkrupp El. Corp. (2020 NY Slip Op 07514)





Pizzolo v Thyssenkrupp El. Corp.


2020 NY Slip Op 07514


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Index No. 159843/16 Appeal No. 12620 Case No. 2020-02518 

[*1]Vincent Pizzolo, Plaintiff-Respondent,
v
Thyssenkrupp Elevator Corporation, Defendant-Appellant.


Babchik & Young, LLP, White Plains (Matthew C. Mann of counsel), for appellant.
Ross, Legan, Rosenberg, Zelen & Flaks, LLP, New York (Richard H. Rosenberg of counsel), for respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about May 13, 2020, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant met its prima facie burden of establishing that the wooden pallet stacked with boxes containing elevator controllers, which plaintiff tripped over, was open and obvious and not inherently dangerous. Plaintiff's photographs show that the pallet was readily visible, and the photographs and the parties' testimony together show that the pallet was situated flush against a diagonal support beam and was not obstructing any passageway.
In opposition, plaintiff raised issues of fact as to whether, making reasonable use of his senses, he could have seen the pallet before he stepped on it (see Mauriello v Port Auth. of N.Y. & N.J., 8 AD3d 200, 200 [1st Dept 2004]). Plaintiff's testimony and photographic evidence of the angle at which he approached the space containing the support beam suggest that he was unable to see the pallet underneath the boxes on the other side of the beam as he sought to step over the beam to reach a nearby staircase, or a sharp edge jutting out from the boxes on top plaintiff denied seeing the pallet, which was wider than the stack of boxes, until he was stepping down over the beam. He stated that he traversed a path he typically walked while on the floor.
Moreover, factual issues exist as to whether the pallet's positioning presented an inherently dangerous condition, which plaintiff had to navigate suddenly and unexpectedly; plaintiff's focus on traversing the beam, the sudden snagging of his shirt on a sharp object projecting from one of the boxes, and the absence of any expectation of encountering objects immediately on the other side of the beam may have affected his attention as to what was on the other side of the beam. There is no evidence that directly contradicts plaintiff's version of the accident, including what he saw as he approached the beam, and issues of credibility are to be resolved by the factfinder, not on a summary judgment motion (see Branham v Loews Orpheum Cinemas, Inc., 31 AD3d 319, 324 [1st Dept 2006], affd 8 NY3d 931 [2007]).
To the extent the evidence suggests that the hazard plaintiff stumbled over was open and obvious and that plaintiff unnecessarily took a partially obstructed route, the record presents an issue of fact as to comparative negligence for resolution by the
factfinder (see Derix v Port Auth. of N.Y. & N.J., 162 AD3d 522 [1st Dept 2018]; see generally Saretsky v 85 Kenmare Realty Corp., 85 AD3d 89 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020