Torres v Cora Realty Co., L.L.C. (2025 NY Slip Op 01885)

Torres v Cora Realty Co., L.L.C.

2025 NY Slip Op 01885

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, Michael, JJ. 

Index No. 24607/19|Appeal No. 3983|Case No. 2024-05264|

[*1]Crystal Torres, Plaintiff-Respondent,
v
Cora Realty Co., L.L.C., et al., Defendants-Appellants.

Gallo Vitucci Klar LLP, New York (MÓnica Romero of counsel), for appellants.
Harris Keenan & Goldfarb, PLLC, New York (Michael H. Zhu of counsel), for respondent.

Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered August 15, 2024, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the complaint as against defendant Cora Realty Co., L.L.C., unanimously modified, on the law, to grant the motion to the extent of dismissing the complaint as against Cora Realty insofar as based on the allegations of inadequate lighting and the absence of handrails, and otherwise affirmed, without costs.
Plaintiff allegedly fell on a step in between two landings on an interior stairway in a building owned by Cora Realty. At her deposition, plaintiff testified that when she began to take a step on the stairway, she thought that the step was the floor because "the stair and the floor blend in," and "[y]ou can't even tell there's a step there." Plaintiff contends that the staircase in Cora Realty's building created "optical confusion," and her expert opined that inadequate visual and tactile clues of the staircase caused plaintiff to fall.
Even assuming that Cora Realty made a prima facie showing that plaintiff's accident was not caused by optical confusion on the stairs, plaintiff raised an issue of fact as to whether she was confused by the color of the landing area by submitting photographs of the landing area, as well as her expert's observations of the uniform gray paint used on the steps (see Saretsky v 85 Kenmare Realty Corp., 85 AD3d 89, 92-93 [1st Dept 2011]). Plaintiff also raised an issue of fact as to whether Cora Realty had constructive notice of the condition that she alleged gave rise to optical confusion (see id. at 92-93).
However, Cora established its entitlement to dismissal of the negligence claim insofar as it is based on the lighting condition of the stairway and the absence of handrails. Plaintiff did not raise an issue of fact as to inadequate lighting, given that her expert "did not measure the lighting" but merely relied on his "personal observation" (Porto v Golden Seahorse LLC, 177 AD3d 540, 541 [1st Dept 2019]). In addition, Cora Realty's expert established that the Building Code provision that plaintiff relied on did not require handrails given that the stairway was surrounded by walls, and plaintiff's
expert opinion on this issue was conclusory (see Hernandez v Callen, 134 AD3d 654 [1st Dept 2015]).
We have considered Cora Realty's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025