■ ALEXANDER SERRANO et al., Appellants-Respondents, v NEW YORK CITY HOUSING AUTHORITY, Respondent-Appellant. [701 NYS2d 35] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered July 29, 1998, which, in an action for personal injuries allegedly caused by a dangerous fence on defendant's property, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion was properly granted. The nine-year-old plaintiff testified at his deposition that he had crossed over the allegedly dangerous rope-chain fence bordering a walkway on

defendant's housing complex countless times in the past without incident, including at least twice on the day he tripped over it after retrieving a ball errantly thrown by one of his friends, and that he looked at the fence just before he unsuccessfully attempted to cross over it. At no point in his testimony did plaintiff ever claim to have difficulty seeing the fence. Defendant cannot be held liable for a condition that is readily observable (*see, Pepic v Joco Realty*, 216 AD2d 95). Plaintiff's expert's affidavit, which opined that the fence was not readily observable because of a "complex visual" backdrop, was properly discounted as having no basis in plaintiff's testimony. The action can also be dismissed on the alternative ground urged by defendant that the notice of claim failed to specify the location along the fence where the accident occurred (General Municipal Law § 50-e [2]; *see, Ortiz v New York City Hous. Auth.*, 191 AD2d 177). Concur—Sullivan, J. P., Mazzarelli, Wallach, Rubin and Andrias, JJ.