OPINION OF THE COURT
Per Curiam.
Order entered April 18, 2003 reversed, with $10 costs, motion granted and complaint dismissed. The clerk is directed to enter judgment accordingly.
The negligence action seeks damages for personal injuries allegedly sustained by plaintiff when, on the morning of November 21,1996, she tripped and fell on the curb adjoining the sidewalk between the entrance of the defendants’ then newly-constructed store premises and the store parking lot. In her supplemental bill of particulars submitted in December of 1998, plaintiff alleged the sole cause of her fall to be a “crack and/or hole” of unspecified dimension in the curb “posing a safety hazard.” In an October 2002 affirmation opposing defendants’ motion for summary judgment, however, plaintiff’s counsel expressly disavowed that allegation, acknowledging that “[t]his is not a cracked sidewalk case” and that “there was no visible crack or other defect” at the accident site. Plaintiffs opposition instead rested on a new theory of recovery, that the accident was caused by “optical confusion” created by the absence of any “color coding” or guardrails at the edge of the curb.
[1, 2] Plaintiffs attempt to weave a new theory of her case, even if properly entertained (cf. Warden v Orlandi, 4 AD3d 239 [2004]), was unavailing since her attorney’s belated claims of optical confusion find no basis in plaintiffs deposition testimony (see Serrano v New York City Hous. Auth., 268 AD2d 230, 231 [2000]). To the extent that plaintiffs opposition papers seek to impose liability upon defendants for a claimed violation of Administrative Code of the City of New York § 27-465, that section, requiring the placement of railings or protective guards “at the perimeter of all parking tiers,” was not shown to be applicable to this case involving a slip and fall on a sidewalk abut *47 ting a ground-level, outdoor parking facility. Summary judgment dismissal of the complaint was thus warranted.
McCooe, J.E, Davis and Gangel-Jacob, JJ., concur.