■ WILLIAM PHILIPS, Respondent, v PACO LAFAYETTE LLC et al., Appellants, et al., Defendants. [966 NYS2d 400]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered September 12, 2012, which, to the extent appealed from, denied defendants-appellants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendants-appellants' motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff commenced the instant action for personal injuries allegedly sustained when he tripped over a concrete curb at the top of the Broadway/Lafayette subway station exit located on the south side of East Houston Street, between Lafayette Street and Crosby Street. The concrete curb was on the premises owned by defendant Paco Lafayette LLC and leased by defendant BP Products North America, Inc., doing business as Service Station, for use as a gas station, and was immediately adjacent to the subway station exit. According to plaintiff's testimony and the color photographs in the record, the curb measured about eight inches high and 10 inches wide, ran parallel to the subway station guardrail, and protruded beyond the rail by a few feet.

The photographs show that the concrete curb was open and obvious, not inherently dangerous and readily observable by one's reasonable use of his or her senses (*see Boyd v New York City Hous. Auth.*, 105 AD3d 542 [1st Dept 2013]; *Tillman v New York City Hous. Auth.*, 15 AD2d 738 [1st Dept 1962], *affd* 12 NY2d 898 [1963]). The photographs also undermine plaintiff's contention that the unpainted concrete curb created optical confusion, or that its placement rendered it likely to be easily overlooked (*see Boyd*, 105 AD3d 542; *cf. Saretsky v 85 Kenmare Realty Corp.*, 85 AD3d 89, 92 [1st Dept 2011]; *Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 75 [1st Dept 2004]). Rather, the evidence establishes that the accident was caused by plaintiff's inattentiveness (*see Langer v 116 Lexington Ave., Inc.*, 92 AD3d 597, 598-599 [1st Dept 2012]; *cf. Saretsky*, 85 AD3d at 92). We note that the accident occurred on a sunny afternoon, and BP's area site manager testified that BP had not received any complaints concerning the concrete curb prior to the present incident (*see Langer*, 92 AD3d at 598-599). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Freedman and Manzanet-Daniels, JJ.