Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered August 13, 2012, which denied defendant’s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Summary judgment in favor of defendant is warranted in this action where the decedent Marcia Wachspress (decedent) was injured when she tripped and fell over a wheel stop in defendant’s parking lot. Defendant established, through photographs, that the particular wheel stops over which decedent fell were open and obvious, readily observable by anyone employing the reasonable use of their senses, and not inherently dangerous (see Philips v Paco Lafayette LLC, 106 AD3d 631 [1st Dept 2013]; Buccino v City of New York, 84 AD3d 670 [1st Dept 2011]; Albano v Pete Milano’s Discount Wines & Liqs., 43 AD3d 966 [2d Dept 2007]; Cardia v Willchester Holdings, LLC, 35 AD3d 336 [2d Dept 2006]).
Contrary to plaintiff’s arguments, decedent never testified that she was instructed by the parking lot attendant to take a particular path to the shuttle bus. However, even if she were, that does not render the wheel stops any less open and obvious, *500 or readily observable, nor does it render them dangerous or defective. Similarly, while plaintiff asserts that the wheel stops were not being used in a proper manner, but were used as a barricade, decedent never testified that this use caused her confusion, or contributed to her fall. Nor is there any evidence that such use violated any standard. Plaintiffs argument, that decedent was distracted by the attendant pointing to the shuttle and saying “over there,” in response to her inquiry about the shuttle’s location, is belied by the record, as the attendant had already pointed and said “over there” before plaintiff turned and walked several steps. Furthermore, the record is devoid of evidence that defendant failed to maintain the premises in a reasonably safe condition (cf. Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69 [1st Dept 2004]). Concur — Tom, J.E, Mazzarelli, Freedman, Richter and Feinman, JJ. [Prior Case History: 2012 NY Slip Op 32130(U).]