■ YVONNE YANNETTI et al., Appellants, v HAMMERSTEIN BALLROOM et al., Respondents. [13 NYS3d 368]—Orders, Supreme Court, New York County (Debra A. James, J.), entered April 18, 2014, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established their prima facie entitlement to summary judgment by submitting photographic evidence, the injured plaintiff's deposition testimony and affidavits from witnesses establishing that plaintiff's fall as she descended the last of two broad steps outside of the ladies bathroom in the basement of the subject building was not caused by a code violation or improper geometric configuration of the stairs (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Plaintiff testified that she saw the steps, as well as the markings on the nose of the steps, which, in photographs, clearly show the steps' drop-off points. Plaintiff also admittedly navigated the steps without incident several times during a two hour period, before taking the misstep that resulted in her injury. Plaintiff never specifically testified that she experienced optical confusion (a theory her expert put forth), and there is no evidence of any prior complaints or accidents involving the steps (*see Philips v Paco Lafayette LLC*, 106 AD3d 631 [1st Dept 2013]; *Serrano v New York City Hous. Auth.*, 268 AD2d 230 [1st Dept 2000]). While plaintiff testified that the area was dark, she acknowledged that there was recessed lighting, and defendants' expert obtained a meter reading showing that the area was illuminated within acceptable industry standards. More importantly, plaintiff never claimed that her fall was due to an inability to see (*see e.g. Carty v Port Auth. of N.Y. & N.J.*, 32 AD3d 732 [1st Dept 2006], *lv denied* 8 NY3d 814 [2007]).

In opposition, plaintiffs failed to raise a triable issue of fact as to whether her fall was caused by conditions that presented a trap-like hazard due to optical confusion.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Renwick, Saxe and Feinman, JJ.