Vasquez v Yonkers Racing Corp. (2019 NY Slip Op 02461)





Vasquez v Yonkers Racing Corp.


2019 NY Slip Op 02461


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Singh, JJ.


8856 158968/14

[*1]Damaris Vasquez, Plaintiff-Appellant,
v
Yonkers Racing Corporation, et al., Defendants-Respondents.


Scunziano & Associates, LLC, Brooklyn (Nicholas P. Scunziano of counsel), for appellant.
Bleakley Platt & Schmidt, LLP, White Plains (John W. McGowan of counsel), for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered August 16, 2017, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established entitlement to judgment as a matter of law in this action where plaintiff was injured when she fell while attempting to sit down at a slot machine that did not have a chair. Defendants showed that the missing chair was an open and obvious condition that was not inherently dangerous by submitting videotape footage showing the subject slot machine without a chair. Plaintiff also testified that she had previously noticed chairs missing from slot machines at the casino, and that she had been seated next to the subject machine that was without a chair for 20 to 25 minutes before her fall (see Philips v Paco Lafayette LLC, 106 AD3d 631 [1st Dept 2013]; Schulman v Old Navy/The Gap, Inc., 45 AD3d 475 [1st Dept 2007]).
Plaintiff's opposition failed to raise a triable issue of fact. Her argument that slot machines are distracting to the point of being all-encompassing, is unavailing, as she did not provide any probative evidence as to how distracted a person becomes when she or he uses slot machines. Plaintiff's testimony that she was distracted by the slot machines does not lead to a conclusion that they are so distracting that their mere existence makes an open and obvious condition such as a missing chair any less open and obvious (see Mauriello v Port Auth. of N.Y. & N.J., 8 AD3d 200 [1st Dept 2004]). Furthermore, that a similar accident apparently occurred at defendant casino does not lead to the conclusion that a missing chair is a latent or inherently dangerous condition.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK