JENNIFER BROODIE, Appellant, v GIBCO ENTERPRISES, LTD., et al., Respondents. [888 NYS2d 32]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered on or about June 3, 2008, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff sued to recover damages for injuries resulting from a trip and fall on a single step that separated the bar area from the dining area at defendants' restaurant. Since there was no allegation that the step was defective, in ill-repair or was covered with solid or liquid debris, the claim of negligence had to be predicated on the proposition that the place of the trip and fall was inherently dangerous because of insufficient lighting in the bar area. New York landowners and licensed occupiers do owe people on their property a duty of reasonable care to maintain the premises in a safe condition in order to minimize foreseeable dangers (see Tagle v Jakob, 97 NY2d 165, 168 [2001]). However, a court may still afford summary judgment to a landowner or licensed occupier on the ground that the condition complained of by a visitor was both open and obvious and, as a matter of law, not inherently dangerous (see Burke v Canyon Rd. Rest., 60 AD3d 558, 559 [2009]).

Here, defendants moved for summary judgment dismissal by showing prima facie that the area above the step was lit by a recessed lighting fixture in the ceiling, and that the step neither was inherently dangerous nor constituted a hidden trap. Indeed, several color photographs in the record depicted the step as not particularly high, and clearly painted in white and black so as to be visible even in the low light provided by the recessed ceiling bulb above, and one or more black and yellow signs warning "CAUTION WATCH YOUR STEP" were posted in the vicinity. Plaintiff admitted in her deposition testimony that she was able to see the step after she got up from the floor.

In opposition to the motions, plaintiff produced no competent admissible evidence to establish the existence of material issues of fact for trial about the sufficiency of lighting. Under such circumstances, her "testimony alone is insufficient as a matter of law to raise a triable issue of fact on her claim of inadequate lighting" (Branham v Loews Orpheum Cinemas, Inc., 31 AD3d

319, 325 [2006], *affd* 8 NY3d 931 [2007]), or demonstrate that the step was inherently dangerous or constituted a hidden trap (*see Burke*, 60 AD3d at 559). Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ.