■ ALAYNE SALVADOR, Respondent, v THE NEW YORK BOTANICAL GARDEN, Appellant et al., Defendant. [905 NYS2d 150]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about December 19, 2008, which denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff alleges that she was injured on appellant's premises when she ran into a telephone enclosure in a darkened hallway while chasing a young child left in her care. We previously held that the evidence showed that defendant Verizon New York, Inc. was entitled to summary judgment because it neither installed the telephone enclosure that extended from the wall nor maintained the premises and its lighting, and thus, "there [was] no causal connection between plaintiff's injury and Verizon's conduct" (*see* 71 AD3d 422, 423 [2010]).

The photographs presented in support of appellant's motion depict an open and obvious condition, and while such a condition may negate the landowner's duty to warn, it does not obviate the owner's duty to ensure that its premises are maintained in a reasonably safe condition (*see Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 73 [2004]). Here, appellant failed to establish that the condition was not inherently dangerous as a matter of law inasmuch as a jury may reasonably find that the placement of the telephone enclosure protruding over the handrail on a ramp that inclined downward into a darkened hallway created an unsafe condition which appellant had a duty to remedy (*see Garcia v Best Value Discount Corp.*, 67 AD3d 480 [2009]). The record is inconclusive on the installation of the phone enclosure. If appellant caused or created the condition by selecting and installing the telephone enclosure, a showing of notice was not required. Nor did appellant establish, as a matter of law, that plaintiff's injuries resulted solely from her own culpable conduct (*see Sweeney v Bruckner Plaza Assoc.*, 57 AD3d 347 [2008]). Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Acosta, JJ.