(November 17, 2011)

■ ANDREW JOHNSON, Appellant, v 301 HOLDINGS, LLC, et al., Respondents. [932 NYS2d 692]—

Defendants established their entitlement to judgment as a matter of law by presenting evidence showing that the stairs were not inherently dangerous and did not constitute a hidden trap. The evidence showed that the lobby and stairs were well lit; that there were no physical defects in the structure of the steps; that plaintiff was well aware of the steps since he had been a tenant in the building for several years and had traversed the lobby hundreds of times; and that no one had ever complained about the stairs (*see e.g. Broodie v Gibco Enters., Ltd.*, 67 AD3d 418 [2009]; *Burke v Canyon Rd. Rest.*, 60 AD3d 558

[2009]; *see also Remes v 513 W. 26th Realty, LLC*, 73 AD3d 665 [2010]).

Plaintiff failed to raise a triable issue of fact in opposition to the motion. His reliance on the expert's affidavit is misplaced since the sections of the New York City Building Code cited by the expert were not applicable to the stairs (*see DeRosa v City of New York*, 30 AD3d 323, 326 [2006]).

We have considered plaintiff's remaining contentions, including that he momentarily forgot about the presence of the staircase, and find them unavailing. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Román, JJ.