(February 28, 2012)

■ BIANCA LANGER et al., Appellants, v 116 LEXINGTON AVE-NUE, INC., et al., Respondents. [939 NYS2d 370]—

Plaintiff Bianca Langer was injured on November 10, 2007, when she fell on a five-inch single step transition at the entrance to a second-floor banquet room at a restaurant in midtown Manhattan. By summons and complaint dated January 15, 2008, plaintiff and her husband commenced a personal injury suit against the restaurant, the building owner, and two individual defendants, who are officers of the owner and co-managed the restaurant. Plaintiffs allege, inter alia, that the step was a dangerous condition that defendants negligently allowed to persist and of which defendants failed to warn. They further argued that the step violated sections of the New York City Building Code, including Administrative Code of the City of NY § 27-375 (d) (2) and (f) (requiring a handrail for step[s] having less than two risers in succession), and § 27-370 (d) (requiring a "ramp" in an "exit passageway" where there are fewer than two risers).

At the conclusion of discovery, defendants moved for summary judgment dismissing the complaint. Defendants argued, inter alia, that the step was not a latent dangerous condition, and even if it was, adequate warnings of the step were provided.

In support of their motion, defendants submitted the affidavit of an engineering expert who opined that the step was clearly visible, and that the injury occurred as a result of plaintiff wife's carelessness in failing to make normal and expected observations of the area in front of her including the step. Plaintiffs' engineering expert countered in his affidavit that the similarity in the flooring of the hallway and the banquet room obscured the step.

In a decision and order dated August 3, 2010, the motion court granted defendants summary judgment and dismissed the complaint. The motion court found that plaintiffs failed to raise a triable issue of fact as to the existence of a latent defective condition, and disagreed with plaintiffs' contention that the step violated the Building Code. Since plaintiffs did not oppose defendants' motion as to the individual defendants, the court dismissed the complaint against them. On appeal, plaintiffs argue that the motion court erred in dismissing their complaint against the restaurant and building owner because the conditions of the step area created "optical confusion," rendering the step dangerous.

For the reasons set forth below we find that the step was not a latent defective condition. There is no evidence of "optical confusion" and defendants did not violate the Building Code.

It is well established that owners and lessees have a duty to maintain their property in a reasonably safe condition (*Tagle v Jakob*, 97 NY2d 165, 168 [2001]). A defendant moving for summary judgment has the initial burden of showing that it did not create a dangerous condition, or have actual or constructive notice of a dangerous condition (*Rodriguez v 705-7 E. 179th St. Hous. Dev. Fund Corp.*, 79 AD3d 518 [2010]).

Defendants demonstrated their prima facie entitlement to summary judgment. Defendant restaurant manager testified that the step existed at the time the building was purchased by defendants. Defendants refinished the floor prior to opening the restaurant and affixed strips of reflector tape to the hallway floor leading to the step at the entrance to the banquet room. Furthermore, the manager testified there had been no prior accidents in the step area in the 28 years since the restaurant opened (*see e.g. Remes v 513 W. 26th Realty, LLC*, 73 AD3d 665 [2010] [the defendants granted summary judgment because the deposition testimony established that no prior similar incidents had occurred and that bright lights illuminated the stairway area, and photographs showed an obvious drop in elevation and trimmings against the wall outlining the steps]; *Burke v Canyon Rd. Rest.*, 60 AD3d 558 [2009] [the defendants granted sum-

mary judgment because deposition testimony established that the area of the step was illuminated, and that the general manager of the restaurant for the last several years was not aware of any complaints or accidents]).

In opposition, plaintiffs fail to raise a triable issue of fact as to the dangerous condition of the step. A condition that is visible to one "reasonably using his or her senses" is not inherently dangerous (*Tagle*, 97 NY2d at 170). However, a step may be dangerous where the conditions create "optical confusion"— the illusion of a flat surface, visually obscuring the step (*Brooks v Bergdorf-Goodman Co.*, 5 AD2d 162, 163 [1958]). "[F]indings of liability have typically turned on factors, such as inadequate warning of the drop, coupled with poor lighting, inadequate demarcation between raised and lowered areas, or some other distraction or similar dangerous condition" (*Schreiber v Philip & Morris Rest. Corp.*, 25 AD2d 262, 263 [1966], *affd* 19 NY2d 786 [1967]).

More recently, this Court examined these factors and found that the plaintiff raised a triable issue of fact as to whether the condition of a five-inch transition step outside of a store created "optical confusion." In *Saretsky v 85 Kenmare Realty Corp.* (85 AD3d 89 [2011]), the plaintiff presented evidence that the concrete surface of the step and the sidewalk at the bottom of the step were similar shades of gray and that the painted line marking the top edge of the transition step was very worn. The similarity in surface colors and failure to demarcate the edge of the step created the illusion of a level surface and there were no signs warning of the step (*id.* at 92-93).

This case presents an entirely different scenario. Photographs in the record indicate that four reflective strips are positioned parallel to the step and each other, spaced two to three inches apart, and graduated in size with the longest strip placed on the top edge of the step. During deposition, plaintiffs described the strips as "bright" and the lighting in the hallway and banquet room as "ordinary" and "well-lit." As the motion court noted, a sign, which read "Step Down" with an arrow pointing diagonally downward toward the step, was placed on the wall near the entrance to the banquet room and visible to anyone walking down the hallway (*see e.g. Broodie v Gibco Enters., Ltd.*, 67 AD3d 418, 418 [2009] [summary judgment granted to the defendant because photographs depicted the step as clearly painted in white and black so as to be visible, and black and yellow "CAUTION WATCH YOUR STEP" signs were posted nearby]).

Furthermore, unlike the plaintiff in *Saretsky*, plaintiff's testimony establishes that she was "not looking." She testified

that she was looking "straight ahead" into the banquet room at the bartender (compare *Saretsky*, 85 AD3d at 92 [the plaintiff testified that she "didn't see" the step, not that she was "not looking"]).

Plaintiffs' reliance upon Administrative Code §§ 27-217, 27-232, 27-370 (d) and § 27-375 (f) to argue that the single step constituted a negligent design, and that a ramp and handrail were warranted for the banquet entranceway, is misplaced. The step in question does not fit within the definition of "interior stairs" (*see* Administrative Code §§ 27-232, 27-375 [f]), since it does not serve as a "required exit." The step was located on the building's second floor and was separated by a common hallway and a flight of stairs from an exit door on the first floor (*see e.g. Cusumano v City of New York*, 15 NY3d 319, 324 [2010] [the stairs where plaintiff fell did not serve as an "exit," but rather as a means of walking from the first floor to the basement]; *Remes*, 73 AD3d at 666 [2010] [subject stairs did not serve as an exit to the building]). The step also did not fit within the definition of an "exit passageway" (*see* Administrative Code §§ 27-232, 27-370 [d]), since an exit passageway does not include corridors, or corridor doors, which, in this case, exist between the step and the exit door on the first floor. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Román, JJ. **[Prior Case History: 2010 NY Slip Op 32068(U).]**