■ AMY SALMAN, Appellant, v L-RAY LLC, Doing Business as ALTA RESTAURANT, et al., Respondents. [941 NYS2d 52]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered January 13, 2011, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that she was injured in defendants' restaurant when she fell on a step as she was returning from the restroom because it was too dark for her to see. Plaintiff testified that small candles in glass containers were set on each of the three steps leading down to the bar area, and that she did not see any debris, water, or defect on the steps at the time of her fall. She stated she did not know "[e]xactly what happened," except "my left leg being in the air missing the step and falling on the middle step."

Defendants established their entitlement to judgment as a matter of law. Defendants submitted evidence, including testimony and photographs, demonstrating that the condition of the steps was not inherently dangerous, and that there was recessed lighting in the area, as well as the small candles on each step (*see Broodie v Gibco Enters., Ltd.*, 67 AD3d 418 [2009]; *Burke v Canyon Rd. Rest.*, 60 AD3d 558 [2009]; *Reyes v La Ronda Cocktail Lounge*, 27 AD3d 397 [2006]). Defendants also submitted the affidavit of an expert who measured the lighting at the three steps and opined that it complied with applicable standards, and testimony from the restaurant's general manager that the lighting fixtures in the area of plaintiff's accident remained unchanged after the accident (*cf. Gilson v Metropolitan Opera*, 15 AD3d 55, 59 [2005], *affd* 5 NY3d 574 [2005]).

In opposition, plaintiff failed to raise a triable issue of fact. She submitted the affidavit of an expert who never inspected or measured the steps, which was lacking in any foundation and therefore insufficient to raise an issue of fact as to the adequacy of the lighting or any other defect in the steps (*see Zvinys v Richfield Inv. Co.*, 25 AD3d 358, 359-360 [2006]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Román, JJ.