■ JORGE BITTAR et al., Appellants, v NEW GROWING, INC., et al., Respondents. [942 NYS2d 354]—Order, Supreme Court, New York County (Jane S. Solomon, J.), entered March 14, 2011, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established their entitlement to judgment as a matter of law in this action where plaintiff fell after exiting the restroom in defendants' restaurant. There was a single step that separated the dining area from where the restroom was located. Plaintiff was unable to identify what caused his fall, and he testified that the lighting conditions were adequate. Moreover, defendants demonstrated that the subject step was not inherently dangerous and there were several signs warning of the drop (see Remes v 513 W. 26th Realty, LLC, 73 AD3d 665, 666 [2010]; Broodie v Gibco Enters., Ltd., 67 AD3d 418 [2009]).

Plaintiff's opposition failed to raise a triable issue of fact. The record does not support plaintiff's argument that the step created "optical confusion" (see Langer v 116 Lexington Ave., Inc., 92 AD3d 597, 599 [2012]; compare Saretsky v 85 Kenmare Realty Corp., 85 AD3d 89 [1st Dept 2011]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.