Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 6, 2012, which denied defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to demonstrate its entitlement to judgment *691 as a matter of law in this action where plaintiff was injured when she tripped over a foot-long metal bar forming the base of a barrier used by defendant at its taxi stand. Defendant failed to established prima facie that the base was both open and obvious and not inherently dangerous. Plaintiff testified that the accident happened at night and that the area was poorly lit. Defendant’s claim that Broodie v Gibco Enters., Ltd. (67 AD3d 418 [2009] ) stands for the proposition that plaintiff’s testimony about lighting conditions is insufficient to defeat defendant’s motion for summary judgment is misplaced. In Broodie, the defendant established affirmatively that the lighting was present, operative at the time of the accident, and adequate. In this case, defendant offered no evidence on lighting conditions at the time of the accident. Thus, plaintiffs testimony was not even rebutted. Furthermore, the base of the barrier protruded into the middle of the sidewalk and appeared similar in color to the sidewalk. Photographs corroborated this account (see Saretsky v 85 Kenmare Realty Corp., 85 AD3d 89 [2011]). Defendant also failed to show that it did not create the hazardous condition. Indeed, defendant’s employee testified that defendant was responsible for installing and maintaining the metal barriers (see Salvador v New York Botanical Garden, 74 AD3d 540 [2010] ). Concur — Mazzarelli, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.