■ ZOYA GRIFFITH, Appellant, v ETH NEP, L.P., et al., Respondents. [33 NYS3d 238]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 6, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established entitlement to judgment as a matter of law, in this action for personal injuries arising out of plaintiff's fall on an exterior stairway attached to defendants' building; plaintiff alleges that an approximately two-inch differential between the risers of the stairway's first and second steps nearest to the sidewalk caused the accident. Defendants demonstrated that the stairway was not inherently dangerous or constituted a hidden trap, by submitting a photograph and an affidavit of an expert who opined that the stairway was safe and in accordance with accepted customs and standards (*see Salman v L-Ray LLC*, 93 AD3d 568 [1st Dept 2012]). The record also shows that plaintiff was able to successfully ascend the stairs moments before the accident happened and she never testified that she was unable to see the steps as she was walking back down the stairs to return to her vehicle (*see Zhao v Brookfield Off. Props., Inc.*, 128 AD3d 623 [1st Dept 2015]).

Plaintiff's opposition failed to raise a triable issue of fact. The two expert affidavits submitted by plaintiff were insufficient because the experts' opinions that good and commonly accepted safe industry practice required handrails and uniform riser heights on the stairway are not supported by reference to specific, applicable safety standards or practices (*see Hernandez v Callen*, 134 AD3d 654 [1st Dept 2015]). Furthermore, since no showing was made that the applicable building code required that handrails be installed, and in the absence of any evidence that the stairway was otherwise defective or inherently dangerous, plaintiff's testimony that she reached for the handrail and was obstructed from being able to properly grab onto it does not require a different result (*see Fishelson v Kramer Props., LLC*, 133 AD3d 706, 708 [2d Dept 2015]). Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.