■ Judith Ziman-Scheuer, Respondent, v Golden Touch Transportation of NY, Inc., et al., Appellants. [52 NYS3d 360]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 13, 2016, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff contends that she slipped and fell while exiting a charter bus because of an oily condition on the bottom step, the uneven condition of the steps, the lack of an adequate handrail, and/or the failure of defendant driver to assist her.

Assuming that plaintiff adequately identified the cause of her fall as an oily substance, defendant driver testified that he saw no such condition before or after plaintiff fell, and there was no evidence sufficient to raise an issue of fact as to whether such a condition existed and, if so, whether it existed for a sufficient time for defendants to remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Rodriguez v New York City Tr. Auth., 118 AD3d 618 [1st Dept 2014]).

In opposition to defendants' showing through their expert's opinion that the stairs and handrails were safe, plaintiff's expert failed to raised an issue of fact, since the expert's opinion rested on statutes, codes, regulations, and industry standards that applied to buildings, as opposed to buses (see Johnson v 301 Holdings, LLC, 89 AD3d 550, 551 [1st Dept 2011]; Azzaro

*v Super 8 Motels, Inc.*, 62 AD3d 525 [1st Dept 2009]). Furthermore, any claim that the handrail was defective because it did not extend to the last step, is unavailing since that step was not accessible unless the door was opened, and the handrail could not extend beyond closed doors of the bus (*see Hyman v Queens County Bancorp, Inc.*, 3 NY3d 743, 745 [2004]).

Defendant driver had no duty to assist plaintiff off the bus. Although the internal rules of defendant corporation required such assistance, internal rules that "go beyond the standard of ordinary care . . . cannot serve as a basis for imposing liability" (*Gilson v Metropolitan Opera*, 5 NY3d 574, 577 [2005]). Concur—Friedman, J.P., Richter, Feinman, Gische and Gesmer, JJ.