Scholar v Citadel Estates, LLC (2019 NY Slip Op 08148)





Scholar v Citadel Estates, LLC


2019 NY Slip Op 08148


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10164 300077/14

[*1] Jennifer Scholar, Plaintiff-Appellant,
v
Citadel Estates, LLC, Defendant-Respondent.


Law Offices of Alexander Bespechny, Brooklyn (Louis A. Badolato of counsel), for appellant.
Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about October 31, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff claims that she was injured when she fell while descending a well-lit stairway during daylight hours on August 8, 2013 in a Brooklyn building where she had often previously used the stairway, on which occasions she never noticed any defects. On the day of the accident she was visiting her boyfriend's apartment and when she first ascended the stairway she had not noticed any debris, liquid or defects in the stairway. She testified that as she descended from the second floor landing, holding the handrail and wearing flip flops, she "bumped into something" with her left foot, causing her to fall, and that she reached for but missed the handrail. She approximated that whatever she bumped into was three, four or five steps down from the landing. Although she had not then observed any impediment, she later noticed a "squiggly crack" less than a quarter inch in width along the width of the side of either the fourth or fifth step. However, she did not know if the crack was what her flip flop had come into contact with. She later testified that a step had moved when she bumped her foot and that this, rather than the crack, had caused her to trip, but then she subsequently reconsidered her testimony to conclude that the bump was caused by the crack.
Plaintiff testified that she had never complained to the owner about the stairs. The building superintendent testified that no one had complained about the condition of the stairs, he was unaware of anyone having fallen on them, and no Department of Buildings violations had been issued. The superintendent testified that he used the staircase several times daily, swept it each day and mopped it on Sundays, and had never observed any cracks in or felt any sensation on the stairs. When he saw plaintiff on a later occasion, when her foot was in a cast, she mentioned that she had fallen on the stairs but did not explain how, and she had never filled out an accident report.
Plaintiff's boyfriend testified that he had never experienced any difficulty with the staircase. After plaintiff fell, she returned to his apartment with an injured right leg and stated that she had slipped on the steps, but did not state what caused her to slip. He testified that as he descended the staircase to tell the superintendent about the accident, he did not observe any cracks in the steps between the first and second floors, none moved when he stepped on them, and there was no debris.
Supreme Court properly dismissed the action insofar as no evidence established proximate cause for the accident. Plaintiff's testimony, even as amplified by that of her boyfriend, was, at best, speculative as to causation (Taub v Art Students League of N.Y., 39 AD3d 259 [1st Dept 2007]). If there had been a defect on a stair, plaintiff's conjecture failed to establish its causative role (Kane v Estia Greek Rest., 4 AD3d 189 [1st Dept 2004]), especially in view of her testimonial uncertainty (Lee v Ana Dev. Corp., 110 AD3d 479 [1st Dept 2013]; Russo v Feder, Kaszovitz, Isaacson, Weber, Skala & Bass, 301 AD3d 63, 68 [1st Dept 2002]). [*2]Even if we accepted plaintiff's equivocal speculation that her flip flop was caught in a crack on a stair, such a defect was too trivial to support her claim of proximate causation (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66 [2015]). Plaintiff's own testimony also defeats her present attempt to predicate liability on the height of the handrail, since on these facts the handrail, regardless of its height, did not cause her fall (Uppstrom v Peter Dillon's Pub, 172 AD3d 497 [1st Dept 2019]). Moreover, she had found the handrail to be stable and accessible to her when she had earlier ascended the stairs and as she descended just before she slipped (Pezzello v Pierre Congress Apts., LLC, 169 AD3d 403 [1st Dept 2019]). Her bareboned testimony that she missed the handrail does not by itself support a conclusion that the handrail's height caused her fall (compare Sussman v MK LCP Rye LLC, 164 AD3d 1139 [1st Dept 2018]). Finally, the evidence sets forth no evidence that defendant had either actual or constructive notice of any defect in the staircase (Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Schulman v City of New York, 157 AD3d 548 [1st Dept 2018]), especially in the absence of any prior incidents involving the steps (id.; Langer v 116 Lexington Ave., Inc., 92 AD3d 597, 598 [1st Dept 2012], lv denied 24 NY3d 907 [2014]; Burke v Canyon Rd. Rest., 60 AD3d 558 [1st Dept 2009]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK