Chester v Museum of Modern Art (2020 NY Slip Op 01258)





Chester v Museum of Modern Art


2020 NY Slip Op 01258


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11083 157424/16

[*1] Gertrude Chester, Plaintiff-Appellant,
v
The Museum of Modern Art, Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Weber Gallagher Simpson Stapleton Fires & Newby, LLP, New York (Robert A. Suarez of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered February 4, 2019, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when, after walking over a stone bridge in the outdoor garden at defendant museum, she fell when she stepped onto one of the two stairs at the end of the bridge. Plaintiff alleges that the absence of handrails proximately caused her fall. Defendant submitted evidence showing that the steps were well maintained and not defective, and that the stairs did not require handrails under applicable building codes since they were neither interior nor exterior stairs as those terms are defined (see DeRosa v City of New York, 30 AD3d 323, 326 [1st Dept 2006]).
In opposition, plaintiff failed raise a triable issue of fact as to whether the absence of handrails constituted negligence. The affidavit of her expert referred to general standards concerning design of steps and the utility of handrails. Since the expert's opinion was not supported by reference to "specific, applicable safety standards or practices," it was insufficient to defeat the motion (Griffith v ETH NEP, L.P., 140 AD3d 451, 452 [1st Dept 2016], lv denied 28 NY3d 905 [2016]; see Hernandez v Callen, 134 AD3d 654 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK