Mashozhera v El Nuevo JB Bakery Inc. (2021 NY Slip Op 01203)





Mashozhera v El Nuevo JB Bakery Inc.


2021 NY Slip Op 01203


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Index No. 25380/17E Appeal No. 13221 Case No. 2020-02831 

[*1]Sheba Mashozhera, Plaintiff-Appellant,
v
El Nuevo JB Bakery Inc. et al., Defendants-Respondents.


The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for appellant.
White & McSpedon, P.C., New York (Joseph W. Sands of counsel), for respondents.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), on or about May 18, 2020, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Defendants failed to establish their prima facie entitlement to judgment as a matter of law. Although the manager of the property at the time of the accident testified that no one else fell on the bakery's exterior steps and no violations were issued for the location before the accident, defendants submitted no expert affidavit with their moving papers opining that the exterior steps were not designed in a negligent manner and complied with any rules or standards applicable at the time of construction (see Burke v Yankee Stadium, LLC, 146 AD3d 720, 721 [1st Dept 2017]).
Defendants also failed to meet their initial burden of showing that the bakery's exterior steps were open and obvious and not inherently dangerous. There are no photographs in the record that show how the exterior steps would appear to a pedestrian, such as plaintiff, when exiting the store (see e.g. Salman v L-Ray LLC, 93 AD3d 568, 569 [1st Dept 2012]). Plaintiff testified at her deposition that she was looking down where she was walking before she fell and believed that the bottom step caused the accident because it was not level with the sidewalk. Even if plaintiff saw the configuration of the bakery's exterior steps when she entered the store, the evidence that the bottom step was less visible to her as she was exiting the store is sufficient to raise a triable issue of fact precluding summary judgment (see Saretsky v 85 Kenmare Realty Corp., 85 AD3d 89, 93 [1st Dept 2011]).
Furthermore, defendants failed to meet their initial burden of showing that the entranceway to the bakery was not required to be equipped with a handrail because they did not address the allegation in their moving papers (see Jones v 550 Realty Hgts., LLC, 89 AD3d 609 [1st Dept 2011]).
Given defendants' failure to meet their initial burden, this Court need not consider the sufficiency of plaintiff's opposition papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021