Kitziger v 219 Ave. A. NYC LLC (2023 NY Slip Op 00239)

Kitziger v 219 Ave. A. NYC LLC

2023 NY Slip Op 00239

Decided on January 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 19, 2023

Before: Renwick, J.P., Webber, Moulton, González, Rodriguez, JJ. 

Index No. 154859/19 Appeal No. 17128 Case No. 2022-03068 

[*1]Julia Kitziger, Plaintiff-Respondent,
v
219 Ave. A. NYC LLC, et al., Defendants-Appellants. Sone Entertainment Inc. Doing Business as Planet Rose, Defendant.

White & McSpedon, P.C., New York (Bruce L. Steinowitz of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, New York County (Lewis J. Lubell, J.), entered January 12, 2022, which denied the motion of defendants Fat Panda Inc. doing business as Planet Rose and 219 Ave. A NYC LLC for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion to the extent of dismissing the complaint as against defendant 219 Ave. A, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff was singing and moving her body while standing on a couch or banquet at Planet Rose's karaoke bar when the couch moved forward. She then fell backwards, falling through the floor-to-ceiling glass in the storefront window.
Defendants failed to eliminate material issues of fact as to whether they had notice of the window's dangerous condition, and whether they maintained the premises in a reasonably safe condition (see R.B. v. Sewanhaka Cent. High Sch. Dist., 207 AD3d 607, 609 [2d Dept 2022]; Pineda v 1741 Hone Realty Corp., 135 AD3d 567, 567 [1st Dept 2016]). Defendants did demonstrate that the window, which did not have tempered or safety glass, complied with applicable building code provisions when it was installed (see Buchholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1, 8-9 [2005]). However, even if the premises comply with applicable building code provisions, a landowner has a common-law duty to maintain the premises in reasonably safe condition in view of all the circumstances (see Pineda, 135 AD3d at 567). Here, the owner of Planet Rose acknowledged that when vandals smashed another window in the storefront years earlier, the glazier recommended tempered glass as the best option for a storefront, and she accepted that recommendation. She also testified that there were many times over the years that patrons stood on the couch, as shown in photographs posted on Planet Rose's social media. Thus, the record presents issues of fact as to whether defendants were negligent in failing to use tempered glass in the window to prevent a foreseeable injury (id.).
Defendants contend that the window and couch were not proximate or substantial causes of the accident, which was actually caused by plaintiff's decision to stand on the couch, and that the couch and window "merely furnished the occasion for the harm" (Hain v Jamison, 28 NY3d 524, 530 [2016]). Given the evidence that patrons of the karaoke bar sometimes stood on the couch, plaintiff's conduct was not extraordinary or unforeseeable, and it therefore cannot be said that the setup at the bar merely furnished the occasion for the harm (see id. at 530). While plaintiff's choice to stand on the couch does raise issues of fact as to comparative negligence, the issue of whether any negligence by Planet Rose also was a substantial cause of the accident that occurred is for the jury to decide (see Pineda, 135 AD3d at 567; Powers v 31 E 31 LLC, 123 AD3d 421, 423 [1st Dept 2014]).
Defendant 219 Ave. A established its entitlement to summary judgment [*2]dismissing the complaint as against it. 219 Ave. A demonstrated that it had relinquished sufficient control of the premises to be deemed an out-of-possession landlord, and as such, was not contractually obligated to make repairs or maintain the premises (see Gronski v County of Monroe, 18 NY3d 374, 379 [2011]). Accordingly, its liability is limited to claims "based on a significant structural or design defect that is contrary to a specific statutory safety provision," which are not at issue here (Vasquez v The Rector, 40 AD3d 265, 266 [1st Dept 2007]; see also Ross v Betty G. Reader Revocable Trust, 86 AD3d 419, 420 [1st Dept 2011]).
We have considered Planet Rose's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2023