Rubin v Trustees of Columbia Univ. in the City of N.Y. (2023 NY Slip Op 00288)

Rubin v Trustees of Columbia Univ. in the City of N.Y.

2023 NY Slip Op 00288

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kapnick, J.P., González, Mendez, Shulman, Higgitt, JJ. 

Index No. 161959/18 Appeal No. 17164 Case No. 2022-01796 

[*1]Esther Rubin, Plaintiff-Appellant,
v
The Trustees of Columbia University in the City of New York, Defendant-Respondent.

Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for appellant.
Rivkin Radler LLP, Uniondale (Merril S. Biscone of counsel), for respondent.

Order, Supreme Court, New York County (William Perry, J.), entered February 8, 2022, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff claims that she sustained injuries when she fell on an interior stairway while leaving an apartment unit located on the lobby level of a building owned by defendant after providing individualized education program services to a child residing in the unit. The subject stairway consisted of two dark marble steps, a white marble ledge about seven inches wide abutting a self-closing door, and a wrought iron handrail on the left side when descending. Plaintiff testified during her deposition that, as she was exiting the apartment, she was struck in the back by the self-closing door and propelled forward, causing her to fall to the lobby floor. She stated on her worker's compensation claim form that she was caused to propel forward because the child "slammed" the door into her.
Defendant established prima facie its entitlement to judgment as a matter of law by submitting evidence that the stairway was not dangerous or defective. Its expert affidavit showed that the building was constructed in 1911, and that it complied with the New York State Tenement House Act of 1901, the applicable building code, which only required one handrail on stairways like the one at issue (see Ndiaye v NEP W. 119th St. L.P., 145 AD3d 564, 565 [1st Dept 2016]). Defendant's expert also opined that the stairway was well maintained and safe for its intended use. He further opined that the self-closing door was equipped with the standard required hydraulic door closer and that it operated normally and safely. In addition, defendant's Assistant Vice President of Columbia Residential averred in an affidavit that defendant purchased the building in 1920, that the subject stairway was part of the original construction, and that no renovation work had been performed on it.
In opposition, plaintiff failed to raise an issue of fact. While plaintiff's expert opined that the stairway was noncompliant with the 1938 Building Code because it lacked a landing at the top of the steps, that building code is inapplicable, and there is no legal or factual basis to retroactively apply it to the subject staircase (see Porto v Golden Seahorse LLC, 177 AD3d 540, 541 [1st Dept 2019]; Johnson v 301 Holdings, LLC, 89 AD3d 550, 551 [1st Dept 2011]). Because the applicable building code did not require that the stairway be equipped with a second handrail, plaintiff's claim that no handrail was available on her righthand side, by itself, was insufficient to show that the stairway was defective or dangerous (see Griffith v ETH NEP, L.P., 140 AD3d 451, 452 [1st Dept 2016], lv denied 28 NY3d 905 [2016]). The opinion of plaintiff's expert that the absence of anti-slip tape or other no-skid material on the stairway exacerbated the dangerous condition was insufficient to defeat summary judgment, as plaintiff [*2]had denied during her deposition that she slipped on the staircase. Further, the expert offered no opinion as to whether the apartment door was defective, dangerous, or a proximate cause of the accident.
Because the alleged defects are not actionable, the issue of whether defendant had notice is irrelevant (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 80 [2015]). In any event, the building superintendent testified during his deposition that he was unaware of anyone falling on an apartment stairway before plaintiff's accident, and that nobody had complained about any apartment door or stairway in the lobby level of the building prior to plaintiff's accident.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023