Guerra v 100 Stevens Ave. LLC (2024 NY Slip Op 02593)

Guerra v 100 Stevens Ave. LLC

2024 NY Slip Op 02593

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Manzanet-Daniels, J.P., Singh, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 153998/17 Appeal No. 2246 Case No. 2023-00662 

[*1]Nancy Guerra, Plaintiff-Respondent,
v
100 Stevens Avenue LLC, Defendant-Appellant.

Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka of counsel), for appellant.
Elefterakis, Elefterakis & Panek, New York (Gennaro Savastano of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about July 19, 2022, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Since defendant failed to meet its initial burden, the court should have denied the motion without regard to the sufficiency of plaintiff's papers in opposition (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Velocci v Stop & Shop, 188 AD3d 436, 439 [1st Dept 2020]). Defendant failed to establish its prima facie entitlement to judgment as a matter of law because it failed to submit with its moving papers an expert affidavit opining that the exterior step to enter the premises was not designed in a negligent manner, and that it complied with any rules or standards applicable at the time of construction (see Mashozhera v El Nuevo JB Bakery Inc., 191 AD3d 605, 605 [1st Dept 2021]). Defendant also failed to establish that it lacked actual notice about the allegedly defective condition of the exterior step to the premises because it submitted no evidence that there were no prior accidents there, which is relevant to whether defendant complied with its common-law duty to maintain the premises in reasonably safe condition before the accident (see e.g. Kitziger v 219 Ave. A. NYC LLC, 212 AD3d 508, 508-509 [1st Dept 2023]).
Additionally, defendant failed to establish that it lacked constructive notice of the allegedly dangerous condition, even though its witness testified that it received no complaints about its entrance or violations. The witness, however, did not testify as to when the area was last inspected before the accident and merely stated that someone from his office conducted monthly inspections (see Gomez v Samaritan Daytop Vil., Inc., 216 AD3d 456, 456-457 [1st Dept 2023]).
Contrary to defendant's contention, there are triable issues as to whether defendant was negligent under common-law standards for failing to warn that the front door of the premises extended over the exterior step (see Reyes v Latin Am. Pentecostal Church of God Inc., 181 AD3d 459, 459-460 [1st Dept 2020]). A jury may still find, under the circumstances, that even if the relevant statutes were complied with, defendant violated its common-law duty to maintain its premises in a reasonably safe condition since it is reasonably foreseeable that someone entering the premises could sustain injuries by trying to open the front door without realizing the door's outward swing reduces the space available to stand on the exterior landing, and cause that person to slip and fall off the landing (see Kellman v 45 Tiemann Assoc, 213 AD2d 151, 151 [1st Dept 1995], affd 87 NY2d 871 [1995]). Defendant additionally failed to establish that the condition was not inherently dangerous as a matter of law because a jury may reasonably find that the outward swing of the door extending over the exterior step by about five inches created an unsafe condition which [*2]defendant had a duty to remedy (see Salvador v New York Botanical Garden, 74 AD3d 540, 541 [1st Dept 2010]).
Plaintiff's awareness of the alleged defect raises an issue of fact as to her comparative negligence but does not negate defendant's duty to maintain the premises in a reasonably safe condition (see Francis v 107-145 W. 135th St. Assoc., Ltd. Partnership, 70 AD3d 599, 600 [1st Dept 2010]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024