## Zorrilla v 101 Park Ave. Assoc. II, LLC

2024 NY Slip Op 34235(U)

November 27, 2024

Supreme Court, New York County

Docket Number: Index No. 153813/2019

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

-------------------------------------------------------------------------------X

RAFAEL ZORRILLA,

Plaintiff,

- v -

101 PARK AVENUE ASSOCIATES II, LLC, H.J. KALIKOW
& CO., LLC

Defendant.

-------------------------------------------------------------------------------X

| INDEX NO. | 153813/2019 |
| MOTION DATE | 10/18/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Defendant 101 Park Avenue Associates II, LLC and H.J. Kalikow & Co., LLC

("Kalikow") (collectively "Defendants") move for an Order granting them summary judgment

pursuant to CPLR 3212 and dismissing the complaint.  Plaintiff Rafael Zorrilla ("Plaintiff")

opposes the motion.

Plaintiff alleges he was injured on March 5, 2017 at 6:30 a.m. at his job located at 101

Park Avenue (NYSCEF Doc. 46, Plaintiff EBT at 9-13).  He was employed by Elite

Investigations to work as a security guard and had worked at the building for approximately ten

years (*id.* at 10).  On the morning in question, Plaintiff states that as part of his duties, he raised

two flags in front of the building.  While raising one of the flags, Plaintiff was "caused to sustain

severe and devastating personal injuries when he was struck by the hardware that became

unattached to the cable, flagpole and/or flag" (NYSCEF Doc. 43, Complaint ¶ 12).

At his deposition, Plaintiff testified that he worked at the building six days a week

(Plaintiff EBT at 25).  He was assigned to raise the flags on weekends; on weekdays the

**153813/2019   ZORRILLA, RAFAEL vs. 101 PARK AVENUE ASSOCIATES          Page 1 of 4
Motion No.  002**

[* 1]

building's handymen were assigned this job (*id*. at 27).  Plaintiff was trained on how to raise the flag on the flagpoles outside the building (*id*. at 29).  Plaintiff estimated that he raised the flags "[m]any times.  I cannot say exactly how many, but many times.  I used to raise it Saturday and Sunday because they were not there" (*id*. at 39).  Plaintiff also testified as to the condition of the flag poles prior to the day of the accident:

> Q. At any time prior to March 5, 2017, had you ever had any problems raising the flag for this particular flagpole?
> A. No.
> Q. Did anybody ever make any complaints, to your knowledge, about the operation of that flagpole prior to March 5, 2017?
> A. No.

(*id*. at 39-40).

Bekim Kokale ("Kokale"), an employee of Kalikow via BM Maintenance who is paid by Kalikow, was also deposed (NYSCEF Doc. 49, Kokale EBT at 8, 10-11).  Kokale stated he has worked for Kalikow as a porter since 1989 and started working in the 101 Park Avenue building in 1999 (*id*. at 8-9).  Kokale is the daytime porter responsible for raising the flag on weekdays and taking it down in the winter during shorter days (*id*. at 10).  He was instructed on how to raise the flags in 1999 by the foreman in the building (*id*. at 13).  Kokale gave the following explanation on how to raise the flag:

> A. The flagpole is very simple.  You don't need a college degree.  You know, it's common sense.  It's a pole with a rope and it's a metal wire you bring it down, you hook the other two—what do you call it?  The Flag that has those where you hook the rope.
> Q. A latch?
> A. Yes.  It's like a latch. You bring them up, pull it up with the pole.

(*id*. at 14-15).  Kokale testified that "[i]f I see something wrong with the rope, or maybe what you call the wire, something is loose, I report it to the lobby, or we have the pole people, they come.  I don't know how often" (*id*. at 15).  When asked whether he ever noticed any issues with the operation of the flagpole, he answered no (*id*. at 16).

[* 2]

Kokale had raised the flag the day before and "[e]verything was normal" (*id*. at 20). He stated that nothing seemed loose prior to the date of the accident. He never noticed anything wrong with the mechanism and was never told by anyone that there were issues with it prior to the accident (*id*. at 20-21). He could not recall the last time the poles were inspected, but that people would come if needed. If any work was to be done, he claims it would not have been done during his work hours although he has seen the "supervisor" come and check the flagpole (*id*. at 20-22).

Raffi Derhovanessian ("Derhovanessian") is the general manager of real property for Kalikow and has worked at 101 Park Avenue since 2005 (NYSCEF Doc. 57, Derhovanessian EBT at 7). He testified that routine maintenance is not done on the flagpole (*id*. at 13), but rather is done on an as-needed basis, and he has observed the flagpole being serviced (*id*. at 16). He tours the outside of the building two or three times each day, and checks to see if anything is broken (*id*. at 19-20). Between his start date at the building in 2005 and the date of the accident he has never received a complaint about the flagpole cabling (*id*. at 28).

On a motion for summary judgment, a movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). After the movant makes this showing, "the burden shifts to the party opposing the motion . . . to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact" such that trial of the action is required (*id.*). The Court must view the facts "in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]).

A property owner owes a duty to exercise reasonable care in maintaining its property in a reasonably safe condition under the circumstances (*Powers v 31 E 31 LLC*, 24 NY3d 84, 94 [2014]; *Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]). A defendant moving for summary judgment has the initial burden of showing that it did not create a dangerous or defective condition or did not have actual or constructive knowledge of the condition (*Langer v 116 Lexington Ave., Inc.*, 92 AD3d 597, 598 [1st Dept 2012]).

The Court finds that Defendants have met their burden of showing they did not create a dangerous or defective condition or have actual or constructive knowledge of the condition. Plaintiff, Kokale, and Derhovanessian all testified to the flagpole not having issues prior to the accident. Furthermore, Kokale, who had raised the flag the day before Plaintiff's accident, testified that he has raised the flags most weekdays for 25 years, that there have never been any problems with the flagpoles, and that if something needed repair, the repair company would be called and the problem taken care of immediately. Kokale testified that there had never been a cable or mechanism issue with the flagpole. Plaintiff fails to submit evidentiary proof to establish issues of fact as to Defendants' notice or creation of a dangerous condition.

Accordingly, Defendants' motion is granted, and it is hereby:

ORDERED that summary judgment is granted in favor of Defendants and the action is dismissed.

| 11/27/2024 | | |
| DATE | | LORI S. SATTLER, J.S.C. |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 4]