Feinberg v 72nd Tenants Corp. (2025 NY Slip Op 00720)

Feinberg v 72nd Tenants Corp.

2025 NY Slip Op 00720

Decided on February 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 

Index No. 162435/19 595287/20 Appeal No. 3637 Case No. 2023-05888 

[*1]Phyllis Feinberg et al., Plaintiffs-Appellants,
v
72nd Tenants Corporation, et al., Defendants-Respondents.
72nd Tenants Corporation, et al., Third-Party Plaintiffs-Respondents,
v
Nancy H. Coles, M.D., PLLC, Third-Party Defendant-Respondent.

Napoli Shkolnik, PLLC, New York (Aparna Piyar of counsel), for appellants.
Sjoquist Law Offices, New York (Elizabeth Oren of counsel), for 72nd Tenants Corporation, Brown Harris Stevens Residential Management, LLC and Michael A. Nath, respondents.
Law Office of Eric Friedman, New York (Evy L. Kazansky of counsel), for Nancy H. Coles, MD, respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered August 7, 2023, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.
This action stems from an accident that occurred on a step between the lobby of a cooperative building and the office entrance of defendant Nancy H. Coles, M.D., who had leased space in the building for approximately 30 years. Plaintiff, a patient of Dr. Cole's for approximately 15 years, was descending the step after leaving an appointment when she lost her balance and fell. At her deposition, plaintiff testified that she did not "know how or why" she lost her balance, stated that she had not "tripped or slipped" on anything that caused her fall, and admitted that she had ascended the step an hour earlier without issue. When shown a photograph of the entrance to Dr. Coles's office, plaintiff did not recognize the location and denied that her accident had occurred on the step it depicted.
Defendants established their prima facie entitlement to summary judgment by demonstrating that plaintiff's deposition testimony negated the element of causation (see Mermelstein v East Winds Co., 136 AD3d 505, 505 [1st Dept 2016]; Kane v Estia Greek Rest., 4 AD3d 189, 190 [1st Dept 2004]). Defendants also submitted a photograph of the step demonstrating that it was neither inherently dangerous nor constituted a hidden trap, testimony as to its safe condition and regular maintenance, and an expert affidavit opining that the stair was safe and in accordance with accepted customs and standards (see Griffith v ETH NEP, L.P, 140 AD3d 451 [1st Dept 2016], lv denied 28 NY3d 905 [2016]; see also Salman v L-Ray LLC, 93 AD3d 568, 569 [1st Dept 2012]).
In opposition, plaintiffs failed to raise a triable issue of fact. Plaintiff's affidavit detailing the conditions of the step that allegedly contributed to her fall — for instance, the lack of a left side handrail and placement and brightness of the light in the step —directly contradicted her prior testimony, and strikingly echoed the factors enumerated as "dangerous and defective conditions" in plaintiffs' expert's affidavit. Accordingly, plaintiff's affidavit "creates only a feigned issue of fact" and was properly disregarded by the motion court (see Telfeyan v City of New York, 40 AD3d 372, 373 [1st Dept 2007] [internal quotation marks omitted]). Without a causal connection between plaintiff's fall and the alleged defects in the stair identified by plaintiffs' expert, the expert's opinion cannot be considered competent evidence (see id.; Daniarov v New York City Tr. Auth., 62 AD3d 480, 481 [1st Dept 2009]). In any event, plaintiffs' expert did not cite to any authority for his opinion, and thus it was of no probative value (see Bucholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1, 8-9 [2005]).
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE [*2]SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2025