| |
|---|
| **Spear v Soulcycle, Inc.** |
| 2025 NY Slip Op 32269(U) |
| June 24, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158986/2022 |
| Judge: Richard G. Latin |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. RICHARD G. LATIN**                     PART                     46M

                                                *Justice*

-----------------------------------------------------------------------------X

MELINDA SPEAR,

                          Plaintiff,

                          - v -

SOULCYCLE, INC.,SOULCYCLE ROSLYN, LLC

                          Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158986/2022 |
| MOTION DATE | 02/21/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46

were read on this motion to/for                     JUDGMENT - SUMMARY                     .

Defendant's motion sequence number 001 for summary judgment is decided as follows:

### Background

On September 29, 2022, plaintiff Melinda Spear fell while present at defendant Soul Cycle's Roslyn studio as she exited a cycling class (NYSCEF Doc. No. 1, complaint at 4). Plaintiff fell on the single-step entrance/exit between the cycling studio and the main lobby, resulting in a fractured leg and elbow (NYSCEF Doc. No. 22, deposition at 84). Plaintiff had used this step to exit and enter the cycling studio at least eight times prior to this incident (*id.* at 28-29). Plaintiff either did not see or was not looking down at the step and missed it, causing her to hit the nearby lockers and fall to the tile floor (*id.*).

There are two paths for moving between the lobby and cycling studio—one on the left side and one on the right when facing the studio from the lobby (NYSCEF Doc. No. 29, affirmation at 7). The entrance/exit on the right side is a platform with a single step with metal nosing but no warning (NYSCEF Doc. No. 25, Exhibits). The top of the step is a gray speckled, rubber material, and the floor at the bottom is gray tile (NYSCEF Doc. No. 29, affirmation at 8). There is no

**158986/2022   SPEAR, MELINDA vs. SOULCYCLE, INC. ET AL**                     **Page 1 of 4**
 **Motion No.  001**

handrail on the step (NYSCEF Doc. No. 25). There were no spills, garbage, or debris on the step at the time of the accident (NYSCEF Doc. No. 23, deposition at 107). There were no known prior complaints or injuries on the step (NYSCEF Doc. No. 31, affirmation). Defendant now moves for summary judgment pursuant to CPLR 3212.

## Discussion

"[T]he proponent of a summary judgment motion must make prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "[F]ailure to make such a showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Ayotte*, 81 NY2d at 1063 [internal quotation marks and citation omitted]). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of act which require a trial of the action" (*Alvarez*, 68 NY2d at 324*; see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman*, 49 NY2d at 562). "Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004]; *see American Home Assur. Co. v Amerford Intl. Corp.*, 200 AD2d 472, 473 [1st Dept 1994]). "On a summary judgment motion, facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]).

On a stairwell open to the public, such as at a workout studio, "[a] condition that is

**158986/2022   SPEAR, MELINDA vs. SOULCYCLE, INC. ET AL**
**Motion No.  001**
**Page 2 of 4**

2 of 4

[* 2]

visible to one 'reasonably using his or her senses' is not inherently dangerous" (*Langer v 116 Lexington Ave. Inc.*, 92 AD3d 597, 599 [1st Dept 2012], quoting *Tagle v Jakob* 97 NY2d 165, 170 [2001]). "However, a step may be dangerous where the conditions create 'optical confusion'—the illusion of a flat surface, visually obscuring the step" (*Langer*, 92 AD3d at 599, quoting *Brooks v Bergdorf Goodman Co.*, 5 AD2d 162, 163 [1958]). Further, conflicting affirmations or affidavits from expert witnesses raise issues of fact that cannot be resolved by summary judgment (*Carter v HP Lafayette*, 210 AD3d 580, 581 [1st Dept 2022]).

Here, plaintiff claims to have not seen the step while exiting the cycling studio because it was visually obscured (NYSCEF Doc. No. 22, deposition at 28-29). Plaintiff's expert witness engineer Scott Silberman explains that the lack of signage or warning of the step, the height of the single step, and the similar gray flooring on both the step and tile floor below all directly contributed to the creation of a dangerous condition and plaintiff's injury (NYSCEF Doc. No. 39). However, defendant's expert witness ergonomist Angela Levitan offers that the step was clearly visible because of the contrast of the speckled platform compared to the tiled flooring below and metal nosing on the lip of the step (NYSCEF Doc. No. 29). Ms. Levitan opined that these conditions would have made the step visible to someone reasonably using his or her senses (*id.*). As such, the Court finds that there is a sufficient dispute of material fact to deny summary judgment.

<u>Conclusion</u>

Accordingly, it is

**ORDERED**, that motion sequence number 001 for summary judgment is denied.

This constitutes the decision and order of the Court.

**158986/2022 SPEAR, MELINDA vs. SOULCYCLE, INC. ET AL** **Page 3 of 4**
**Motion No. 001**

3 of 4

[* 3]

**6/24/2025**
_____
**DATE**

_____
**RICHARD G. LATIN, J.S.C.**

| | | | | | |
|---|---|---|---|---|---|
| CHECK ONE: | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | |
| | ☐ | GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**158986/2022   SPEAR, MELINDA vs. SOULCYCLE, INC. ET AL**
**Motion No.  001**

**Page 4 of 4**

[* 4]